No. CIV-23-146-JFH-GLJ

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

---

THOMAS JESSE WARD,

Petitioner,

-vs-

DAVID BUSS, Warden,

Respondent.

---

BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS, IN THE ALTERNATIVE,
FOR FAILURE TO EXHAUST NECESSARY STATE COURT REMEDIES

---

GENTNER F. DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

THEODORE M. PEEPER, OBA #19909
JOSHUA R. FANELLI, OBA #33503
ASSISTANT ATTORNEYS GENRAL

313 NE 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921
(405) 522-4534 (FAX)

ATTORNEYS FOR RESPONDENT

---

JUNE 30, 2023

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................1

**STATEMENT OF THE CASE**.........................................................................3

**ARGUMENT AND AUTHORITY**

       **PETITIONER HAS NOT FULLY EXHAUSTED HIS STATE COURT REMEDIES WITH RESPECT TO HIS GATEWAY ACTUAL INNOCENCE CLAIM BECAUSE, EVEN THOUGH HE BROUGHT THIS ARGUMENT IN STATE DISTRICT COURT, HE DID NOT APPEAL THE DISTRICT COURT'S DENIAL OF POST-CONVICTION RELIEF TO THE OKLAHOMA COURT OF CRIMINAL APPEALS, THE STATE'S HIGHEST CRIMINAL COURT**................................................................................................7

    *A.*    *Federal Habeas Law Requires Exhaustion* ........................................8

    *B.*    *Petitioner Failed to Exhaust His Innocence Claim in*

        *State Court* ........................................................................................9

**CONCLUSION** ..............................................................................................20

**CERTIFICATE OF SERVICE** ....................................................................21

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bailey v. Patterson*,
  No. 1:13-CV-007-WHA, 2016 WL 3883439 (M.D. Ala. July 18, 2016)................................ 15

*Bailey v. Patterson*,
  No. 1:13-CV-007-WHA, 2016 WL 3892455 (M.D. Ala. June 24, 2016)........................ 14, 19

*Brady v. Maryland*,
  373 U.S. 83 (1963) ....................................................................................................... 2, 3, 4

*Byrd v. Bauman*,
  275 F. Supp. 3d 842 (E.D. Mich. 2017) ............................................................................ 15

*Childers v. Crow*,
  1 F.4th 792 (10th Cir. 2021)............................................................................................. 18

*Childers v. Crow*,
  142 S. Ct. 2718 (2022)...................................................................................................... 18

*Cole v. Pettigrew*,
  No. 20-CV-0459-JED-CDL, 2021 WL 1535364 (N.D. Okla. Apr. 19, 2021) ..................... 11

*Day v. McDonough*,
  547 U.S. 198 (2006) .......................................................................................................... 15

*Dever v. Kan. State Penitentiary*,
  36 F.3d 1531 (10th Cir. 1994) ........................................................................................... 10

*Duncan v. Walker*,
  533 U.S. 167 (2001) ...................................................................................... 8, 10, 17, 18

*Fitzgerald v. Clarke*,
  No. 2:17cv337, 2017 WL 6945280 (E.D. Va. Dec. 8, 2017)........................................ 13, 14

*Gregor v. Franklin*,
  No. CIV-09-464-W, 2011 WL 4006576 (W.D. Okla. Sept. 8, 2011) ................................... 20

*Harrington v. Richter*,
  562 U.S. 86 (2011) ..................................................................................................... 10, 18

*Herrera v. Collins*,
  506 U.S. 390 (1993) .......................................................................................................... 12

*Hooks v. Workman,*
    689 F.3d 1148 (10th Cir. 2012) ................................................................ 16

*Johnson v. Glunt,*
    No. 14-2317, 2014 WL 5334078 (E.D. Penn. Oct. 20, 2014) ................................. 17

*McQuiggin v. Perkins,*
    569 U.S. 383 (2013) ................................................................ 12

*Moore v. Shoeman,*
    288 F.3d 1231 (10th Cir. 2002) ................................................................ 20

*Napue v. Illinois,*
    360 U.S. 264 (1959) ................................................................ 2, 3, 4

*O'Sullivan v. Boerckel,*
    526 U.S. 838 (1999) ................................................................ 11, 14

*Parker v. Champion,*
    148 F.3d 1219 (10th Cir. 1998) ................................................................ 12

*Picard v. Connor,*
    404 U.S. 270 (1971) ................................................................ 5, 10

*Pruett v. Thompson,*
    771 F. Supp. 1428 (E.D. Va. 1991) ................................................................ 14

*Rhines v. Weber,*
    544 U.S. 269 (2005) ................................................................ 20

*Rose v. Lundy,*
    455 U.S. 509 (1982) ................................................................ Passim

*Sallahdin v. Gibson,*
    275 F.3d 1211 (10th Cir. 2002) ................................................................ 16

*Saunders v. Comm'r, Dep't of Corr.,*
    No. 10cv410 (MRK), 2011 WL 572313 (D. Conn. Feb. 15, 2011) ................................. 17

*Schlup v. Delo,*
    513 U.S. 298 (1995) ................................................................ 12

*United States v. Harrell,*
    642 F.3d 907 (10th Cir. 2011) ................................................................ 11

*United States v. Walker*,
   918 F.3d 1134 (10th Cir. 2019) ...................................................................... 11, 19

*Williams v. Dean*,
   No. ELH-22-75, 2023 WL 375192 (D. Md. Jan. 24, 2023) ............................ 12, 13

*Williams v. Dowling*,
   No. 19-CV-0530-GKF-FHM, 2020 WL 3865078 n.5 (N.D. Okla. July 8, 2020)................. 12

*Winston v. Kelly*,
   592 F.3d 535 (4th Cir. 2010) .................................................................................. 13

*Wood v. McCollum*,
   833 F.3d 1272 (10th Cir. 2016) ............................................................................. 20

*Woodruff v. Crockett*,
   No. 7: 16-CV-08 (HL), 2016 WL 11783307 (M.D. Ga. Sept. 12, 2016) .............................. 14

## STATE CASES

*Berget v. State*,
   907 P.2d 1078 (Okla. Crim App. 1995)...................................................................... 6

*Glossip v. State*,
   529 P.3d 218 (Okla. Crim. App. 2023)................................................................. 7, 16

*Malicoat v. State*,
   137 P.3d 1234 (Okla. Crim. App. 2006) ................................................................. 17

*Slaughter v. State*,
   108 P.3d 1052 (Okla. Crim. App. 2005)..................................................................... 7

*Valdez v. State*,
   46 P.3d 703 (Okla. Crim. App. 2002)....................................................................... 17

## FEDERAL STATUTES

28 U.S.C. § 2241 ................................................................................................................ 1

28 U.S.C. § 2244 .............................................................................................................. 20

28 U.S.C. § 2254............................................................................................. Passim

## STATE STATUTES

**22 O.S.2011, § 1080** ........................................................................................... **5**

**OKLA. STAT. tit. 20, § 3001.1** ........................................................................ **17**

**OKLA. STAT. tit. 22, § 1080** ................................................................... **5, 6, 16**

## RULES

**Rule 2.1,** *Rules of the Oklahoma Court of Criminal Appeals*
    **Title 22, Ch. 18, App. (2023)** ............................................................. **16**

**Rule 5.2,** *Rules of the Oklahoma Court of Criminal Appeals*
    **Title 22, Ch. 18, App. (2022)** .......................................................... **6, 9**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS JESSE WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-146-JFH-GLJ |
| | ) | |
| DAVID BUSS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS, IN THE ALTERNATIVE,
FOR FAILURE TO EXHAUST NECESSARY STATE COURT REMEDIES**

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, and respectfully asks that, should this Court deny Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations, *see* Docs. 54, 55, that in the alternative, the instant Petition for Writ of Habeas Corpus be dismissed for failure to exhaust necessary state court remedies, pursuant to 28 U.S.C. § 2254(b)(1)(A).[1] In support hereof, Respondent shows this Court the following:

**INTRODUCTION**

This case is about the abduction of twenty-four-year-old Donna Denice Haraway from McAnally's convenience store in Ada, Oklahoma, on the evening of April 28, 1984, and her brutal murder at the hands of Thomas Jesse Ward (hereinafter referred to as Petitioner) and his co-

---

[1] This Court's Order calling for a response expressly states the following: "As an alternative to filing a Rule 5 answer, Respondent may file within thirty (30) days a motion to dismiss based upon 28 U.S.C. § 2241, 28 U.S.C. § 224[4], 28 U.S.C. § 2254, or other applicable statute." Doc. 41. Pursuant to LCvR 7.1(c), this supporting brief is limited to twenty-five (25) pages in length. In the event this Court denies this Motion to Dismiss—as well as Respondent's Motion to Dismiss Petition as Time-Barred—Respondent respectfully requests permission to file a response on the merits.

defendant, Karl Fontenot. In 1989, an Oklahoma jury convicted Petitioner of Robbery with a Dangerous Weapon (Count I), Kidnapping (Count II), and First-Degree Murder (Count III), and sentenced him to ten (10) years each on Counts I and II, and life imprisonment on Count III (Tr. XIII, 8–10, 167–68). Petitioner's Judgment and Sentence was unanimously affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in an unpublished Summary Opinion issued on January 7, 1994 (A0630–A0632).

After years of silent inactivity, Petitioner has now filed with this Court a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, seeking relief from his Judgment and Sentence in District Court of Pontotoc County Case No. CRF-1984-183. *See* Doc. 2.[2] In the petition at bar, Petitioner alleges three (3) grounds for relief: (1) "Despite the State's long-standing efforts to bury evidence Favorable to Mr. Ward, the new record establishes his innocence"; (2) "Mr. Ward Is Entitled To A New Trial Because The Pontotoc County District Attorney Suppressed Favorable Material Evidence"; (3) "Mr. Ward Has Demonstrated Cause and Prejudice." Doc. 2, at 47, 59, 82 (syntax and capitalization in original).[3] But Petitioner has failed to exhaust his state court remedies

---

[2] Citations to the petition will utilize original pagination. Respondent will cite to relevant documents within Petitioner's appendices using the provided citation method, *e.g.*, (C0954–C0990). However, Petitioner has not provided the entirety of the transcripts from Petitioner's 1989 retrial, and has instead only included, in his appendices, cherry-picked excerpts. To aid this Court in fully reviewing the state court record, Respondent is filing, simultaneous with its Pre-Answer Motions, the entirety of the trial transcripts from the 1989 retrial. Any citations to those transcripts will utilize the original volume and page number, *e.g.*, (Tr. XIII, 8–10). Further, for this Court's convenience, any relevant pages cited are also attached as exhibits to this brief.

[3] Although Petitioner purports to present three distinct grounds, his only arguably cognizable claim on habeas review is Ground II, his contention that the State allegedly suppressed favorable material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and allegedly solicited false testimony in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). *See* Doc. 2, at 59–82. Petitioner's claim of actual innocence, *see* Doc. 2, at 47–59, as well as his discussion of "cause and prejudice," *see* Doc. 2, at 82–83, are both presented as procedural mechanisms to have his otherwise untimely and defaulted *Brady* claim considered on the merits. Nevertheless, as Respondent will show, some

with respect to his gateway claim of actual innocence, inasmuch as he never appealed the state district court's denial of post-conviction relief, issued on December 29, 2022, to the OCCA in the posture of a post-conviction appeal. 28 U.S.C. § 2254(b)(1)(A). Because relief cannot be granted on this mixed petition, it must be dismissed.

## STATEMENT OF THE CASE

Respondent has already separately presented the procedural history of this case in its Pre-Answer Motion to Dismiss Petition as Time-Barred, *see* Doc. 55, at 3–7, and the same history will not be restated at length. However, as relevant to the instant Pre-Answer Motion to Dismiss, some discussion is necessary as it relates to Petitioner's decision to completely bypass a crucial step in the state court exhaustion process—presenting his actual innocence claim to the OCCA. That discussion, followed by an application of the applicable law to the facts at bar, is provided herein.

More than two decades after Petitioner's Judgment and Sentence was unanimously affirmed by the OCCA on January 7, 1994, Petitioner filed his first request for state post-conviction relief. On November 1, 2017, Petitioner filed his initial Application for Post-Conviction Relief in Pontotoc County District Court Case No. CRF-1984-183 (C0003–C0008, C0009–C0075). After two rounds of limited post-conviction discovery, Petitioner filed an Amended Application for Post-Conviction Relief on March 2, 2020, raising the following two claims: (1) "The Interest of Justice Requires Mr. Ward's Conviction and Sentence to Be Vacated Based on Newly Discovered Evidence of His Innocence", and (2) "Relief is Warranted Under Both *Brady v. Maryland* and *Napue v. Illinois* Because the Pontotoc County District Attorney Failed to Disclose Exculpatory

---

federal courts have held that even a gateway actual innocence claim must be exhausted where a petitioner has available state remedies.

Evidence and Solicited or Failed to Correct False Testimony" (C0356–C0361, C0362–C0457) (capitalization in original). The State responded in briefing on May 18, 2020 (C0511–C0646).

On December 18, 2020, the Honorable Paula Inge, District Judge, granted Petitioner relief on his second claim, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), but did not address Petitioner's other claim that there existed newly discovered material evidence that required vacation of his conviction and sentence in the interest of justice—*i.e.*, his claim of actual innocence (C0768–C0813).

On January 6, 2021, the State brought an appeal to the OCCA, seeking review of the district court's award of post-conviction relief based on *Brady*/*Napue*, in OCCA Case No. PC-2021-8 (C0814–C0868). The OCCA granted a stay of the district court's judgment on January 7, 2021. Thereafter, on June 4, 2021, the State filed its Brief of Petitioner in Support of Post-Conviction Appeal (C0869–C0953). Specifically, the State challenged the district court's erroneous application of *laches*, waiver, and *res judicata*, which the State claimed should have precluded the district court's consideration of Petitioner's *Brady* and *Napue* claim (C0882–C0894). The State also argued that, on the merits, the district court's analysis of Petitioner's *Brady* and *Napue* claim was legally flawed (C0895–C0904). Petitioner responded in written briefing on July 6, 2021, responding as to the district court's decision to award relief based on Petitioner's *Brady* and *Napue* claim (C0954–C0990). On July 26, 2021, the State filed a reply brief, again discussing both the procedural bars and the merits of Petitioner's *Brady* and *Napue* claim (C0991–C1007).

On August 26, 2022, the OCCA entered an Order Reversing Grant of Post-Conviction Relief and Remanding for Further Proceedings, finding that Petitioner's *Brady*/*Napue* claim, upon which the district court granted relief, was procedurally barred through the doctrines of *laches*, waiver, and *res judicata* (C1008–C1016). The OCCA announced the following: "The District

4

Court found, and the record supports, that [Petitioner] came into possession of the OSBI Records in 2003 when his counsel received them from the Oklahoma Indigent Defense System" (C1015). It further found that Petitioner "offer[ed] no reason sufficient to justify his approximately fourteen years of inaction following 2003, and a thorough review of the record reveals none" (C1015). In so doing, though, the OCCA recognized that the district court had not yet made findings on Petitioner's claim of actual innocence (C1009, at n.3 ("The District Court did not address Ward's other claim that there existed newly discovered material evidence that required vacation of his sentence pursuant to 22 O.S.2011, § 1080(d).[4]")). Thus, the OCCA remanded the matter back to the district court for further proceedings for "disposition of [Petitioner's] remaining claim that newly discovered evidence required [Petitioner's] conviction be vacated in the interest of justice" (C1016).[5]

Upon remand, the district court called for additional briefing on Petitioner's remanded claim—*i.e.*, his claim of actual innocence. Accordingly, on October 12, 2022, Petitioner filed his Supplemental Brief in the district court (C1017–C1076). In that brief, Petitioner cited evidence

---

[4] This statutory provision under the Oklahoma Post-Conviction Procedure Act (PCPA) authorizes relief when a district court finds "that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." OKLA. STAT. tit. 22, § 1080(d) (2011).

[5] Not only was Petitioner's actual innocence claim not at issue before the OCCA on the State's post-conviction appeal (since the district court only addressed Petitioner's *Brady* claim below, and the State's appeal was taken only on that basis), but Petitioner also explicitly conceded to the OCCA, during that appeal, that the district court need not have even adjudicated his innocence claim because it had separately granted relief on *Brady* (C0986 (explaining that the district court "did not need to address that claim because she granted his Application on his *Brady* claim. The Court need not to [sic] decide Ward's innocence claims to conclude that the State could not grant him a fair trial.")). By no stretch of the imagination was Petitioner's actual innocence claim ever presented to the OCCA during the State's post-conviction appeal challenging the district court's grant of relief based on *Brady*. *See Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[T]he federal claim must be fairly presented to the state courts.").

5

regarding the victim's blouse description timeline, evidence regarding alleged alternate suspect Billy Charley, and alleged impeachment evidence against a State's witness, Jim Moyer (C1017–C1076). Based on that alleged "newly discovered evidence," Petitioner claimed his convictions and sentences should be vacated in the interest of justice, pursuant to OKLA. STAT. tit. 22, § 1080(d) (2011). On October 24, 2022, the State filed its Response to Petitioner's Supplemental Brief, arguing that, on the merits of Petitioner's "newly discovered evidence" claim, Petitioner was not actually innocent (C1077–C1131). On November 8, 2022, Petitioner filed a reply (C1132–C1153).

On December 29, 2022, the Honorable Paula Inge, District Judge, entered Supplemental Findings of Fact and Conclusions of Law (C1154–C1163). The Court conclusively rejected Petitioner's claim, on the merits, that newly discovered evidence warranted vacation of his conviction and sentence, announcing the following: "The Court, having considered the entirety of the record and materials discussed by Petitioner Ward and the State in their supplemental briefs pertaining to 'newly' discovered evidence," finds Petitioner did not demonstrate "by clear and convincing evidence, [Petitioner's] innocence of the crimes for which he was convicted" (C1162).

For reasons still unclear, Petitioner failed to timely perfect a post-conviction appeal to the OCCA challenging the district court's rejection of his actual innocence claim. Pursuant to Oklahoma law, Petitioner had twenty (20) days from the date of the district court's order (December 29, 2022), within which to file a Notice of Post-Conviction Appeal with the clerk of the district court. Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). Thus, Petitioner's time for filing an appeal to the OCCA lapsed on January 18, 2023. *See id.* As that Rule states: "The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and *failure to timely file constitutes waiver of the right to appeal*." *Id.* (emphasis added). Despite the fact that Petitioner had no right to counsel in his non-capital post-

conviction proceedings, *see Berget v. State*, 907 P.2d 1078, 1083 (Okla. Crim App. 1995), Petitioner was heavily counseled (as he has been since 2017), appearing with the benefit of at least seven (7), and later as many as ten (10), counsels-of-record during remanded post-conviction proceedings (C1040–C1041, C1151–C1152).

Petitioner's failure to appeal to the OCCA following the district court's post-conviction findings issued on December 29, 2022, is a blatant attempt to circumvent the state-court appellate process, one which deprives this Court the benefit of carefully reasoned factual findings from the OCCA on the merits of Petitioner's actual innocence claim. Petitioner is not prevented from raising his actual innocence claim, in state court, at any time, since procedural impediments do not prevent a state court from considering a colorable claim of innocence. *Glossip v. State*, 529 P.3d 218, 225 (Okla. Crim. App. 2023); *Slaughter v. State*, 108 P.3d 1052, 1054 (Okla. Crim. App. 2005). Petitioner should be made to return to state court, in order to exhaust his actual innocence claim, before proceeding to federal habeas corpus review on the basis of that same claim. In that sense, then, because the petition at bar is a mixed petition, this Court should dismiss the petition. 28 U.S.C. § 2254(b)(1)(A).

## **ARGUMENT AND AUTHORITY**

> **PETITIONER HAS NOT FULLY EXHAUSTED HIS STATE COURT REMEDIES WITH RESPECT TO HIS GATEWAY ACTUAL INNOCENCE CLAIM BECAUSE, EVEN THOUGH HE BROUGHT THIS ARGUMENT IN STATE DISTRICT COURT, HE DID NOT APPEAL THE DISTRICT COURT'S DENIAL OF POST-CONVICTION RELIEF TO THE OKLAHOMA COURT OF CRIMINAL APPEALS, THE STATE'S HIGHEST CRIMINAL COURT.**

As foreshadowed above, Petitioner's gateway actual innocence claim cannot be used as a mechanism to excuse his untimely and procedurally barred habeas petition, because Petitioner failed to exhaust his innocence argument on post-conviction appeal to the OCCA. Indeed,

Petitioner, after receiving an adverse ruling on his post-conviction innocence claim from the state district court on December 29, 2022, opted to bypass the state appellate process and proceed directly to this Court with his habeas petition. This is procedurally improper, and this Court should refuse to entertain Petitioner's unexhausted gateway claim. The petition must be dismissed.

**A.     *Federal Habeas Law Requires Exhaustion***

The law is clear that a federal court cannot consider a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Furthermore, 28 U.S.C. § 2254(b)(3) provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Respondent affirmatively *does not waive* the requirement of total exhaustion as to any claims raised in the petition, including Petitioner's gateway actual innocence claim (purportedly raised as his first ground for habeas relief), *see* Doc. 2, at 59–82.

The rationale underpinning the necessity for exhaustion is abundantly clear. "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). "This requirement 'is principally designed to protect the state courts' role in the enforcement of

8

federal law and prevent disruption of state judicial proceedings.'" *Id.* at 179 (quoting *Lundy*, 455 U.S. at 518). The exhaustion rule is also a matter of comity as "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation.'" *Id.* (quoting *Lundy*, 455 U.S. at 518).

**B.   *Petitioner Failed to Exhaust His Innocence Claim in State Court***

Petitioner never fully exhausted the claim alleged in his first ground of error—his claim of actual innocence—because the state district court failed to address this argument when it adjudicated his post-conviction application in 2020. Consequently, when the State appealed the matter to the OCCA on post-conviction appeal, the only issue at stake was Petitioner's claim based on *Brady* and *Napue*. As stated already, the OCCA reversed the district court on that issue, but remanded the matter to the district court for disposition of Petitioner's remaining claim—his allegation of actual innocence. The parties fully briefed the innocence claim on remand, *see* (C1017–C1076, C1077–1131, C1132–C1153), and the district court rejected Petitioner's claim that newly discovered evidence warranted vacation of his conviction and sentence (C1154–C1163). Specifically, the district court made the following findings: "The Court, having considered the entirety of the record and materials discussed by Petitioner Ward and the State in their supplemental briefs pertaining to 'newly' discovered evidence does not demonstrate, by clear and convincing evidence, Ward's innocence of the crimes for which he was convicted" (C1162). Accordingly, Petitioner's Amended Application for Post-Conviction Relief, as well as his supplemental briefing on remand, were "hereby DENIED" (C1162 (capitalization in original)).

The district court's findings, rejecting Petitioner's actual innocence claim, were filed on December 29, 2022 (C1154, C1163). Pursuant to Oklahoma law, Petitioner had twenty (20) days

within which to file a Notice of Post-Conviction Appeal in the district court, signaling his intent to appeal the district court's denial of post-conviction relief to the OCCA. Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2023). Accordingly, Petitioner's time for lodging his intent to appeal to the OCCA lapsed on January 18, 2023. *See id.* Again, as already stated above, Petitioner's failure to timely file such a notice operated as a jurisdictional waiver of the right to appeal. *Id.* Petitioner then spent four (4) more months idly waiting before this habeas petition followed, on May 1, 2023. Doc. 2.

As the history of this litigation shows, Petitioner has never fairly presented his innocence claim to the state's highest criminal appellate court, since his claim of innocence was outside the scope of the State's post-conviction appeal, and since Petitioner never appealed to the OCCA the district court's 2022 rejection of his innocence claim on remand. As the Supreme Court has conclusively held, it is not sufficient that a habeas petitioner has merely been through the State courts; rather the petitioner must have given the state's highest court a "fair opportunity" to address his claims. *Picard*, 404 U.S. at 275–76. *See also Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (holding that fair presentation requires that the federal issue be "properly presented to the highest state court, either by direct review or in a postconviction attack"). Indeed, the deference provision of 28 U.S.C. § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that *state proceedings are the central process*, not just a preliminary step for a later federal habeas corpus proceeding." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (emphasis added). Petitioner's decision to skip a step in state court—an appeal of his innocence claim to the OCCA—deprived the state's highest criminal court of a "fair opportunity" to decide Petitioner's actual innocence claim. *See Picard*, 404 U.S. at 275–76.

Therefore, it is necessary in the interest of comity that this Court require Petitioner to fully exhaust his state court remedies before entertaining the merits of Petitioner's mixed federal habeas petition. *See Duncan*, 533 U.S. at 178–79 ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."); *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, *3 (N.D. Okla. Apr. 19, 2021) (unpublished) (holding, "[a]lternatively, the Court finds that even if Cole could overcome the untimeliness of his claims . . . [t]o satisfy the exhaustion requirement, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))). Put another way, Petitioner has never "invoke[ed] one complete round of the State's established appellate review process" with respect to his actual innocence argument because he has never taken the district court's denial of this claim to the OCCA. *See O'Sullivan*, 526 U.S. at 845.

Respondent anticipates that Petitioner may attempt to argue, in reply, that this Court should bypass the exhaustion requirement with respect to his claim that new evidence establishes his innocence simply because it is a "gateway" claim, rather than a standalone claim for relief. This is problematic for a few reasons. *First*, Petitioner raises no such argument in his petition. Rather, Petitioner *does not* acknowledge his lack of exhaustion whatsoever. In his procedural history, Petitioner recounts his denial of relief at the district court level on December 29, 2022, and simply states that he "now files this Petition" following thereafter. Doc. 2, at 44. Petitioner has failed to grapple with the exhaustion provision in 28 U.S.C. § 2254(b)(1), and should he come back with an explanation in his reply, that argument is waived and forfeited. *United States v. Walker*, 918

F.3d 1134, 1153 (10th Cir. 2019) ("[A]rguments advanced for the first time in a litigant's reply brief will ordinarily not forestall a conclusion of waiver."); *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("First, arguments raised for the first time in a reply brief are generally deemed waived."). Because Petitioner is amply counseled in this habeas action, this Court must take his arguments as they are written. *See Williams v. Dowling*, No. 19-CV-0530-GKF-FHM, 2020 WL 3865078, at *4 n.5 (N.D. Okla. July 8, 2020) (unpublished) ("But here, petitioner's pleadings were drafted by counsel and the rule of liberal construction does not apply. The Court therefore takes the arguments as they are presented."); *see also Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (even for *pro se* litigants, federal courts "will not rewrite a petition to include claims that were never presented").

*Second*, even if this Court were to entertain any new justification for Petitioner's lack of exhaustion, Petitioner should still not be given free license to blatantly bypass the state court process. Other federal courts have considered a similar exhaustion issue on habeas corpus review. For instance, in *Williams v. Dean*, No. ELH-22-75, 2023 WL 375192 (D. Md. Jan. 24, 2023) (unpublished), the petitioner moved for a stay and abeyance of his habeas case while he pursued exhaustion of his actual innocence claim in Maryland state court. The court reaffirmed that federal law does not support a standalone actual innocence claim (even if state law might provide for such a claim), but rather, a habeas petitioner may plead innocence as a gateway to otherwise procedurally barred and untimely claims. *Id.*, 2023 WL 375192, at *2 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), *Schlup v. Delo*, 513 U.S. 298, 314, 324, 329 (1995), and *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)). The respondent urged the court to reject the petitioner's innocence claim, rather than award a stay and abeyance. *Id.*, 2023 WL 375192, at *3. The court rejected the respondent's request, observing the following:

> In making the determination urged by respondents, this court would have to make decisions regarding the merits of Williams's actual innocence claim. *But, the State of Maryland has not yet had an opportunity to weigh the evidence supporting Williams's claim of actual innocence or to rule on the merits thereof. In my view, it is inappropriate for me to do so now.*

*Id.* (emphasis added) (citing *Winston v. Kelly*, 592 F.3d 535, 555 (4th Cir. 2010)).

The court concluded that it was unable, at that stage and absent exhaustion in state court, to make a determination as to whether the petitioner's innocence claim had merit in habeas. *Id.* And the court recognized that "the State of Maryland has procedural mechanisms for addressing claims of actual innocence, which Williams is currently pursuing." *Id.* The court wisely reasoned: "The Maryland courts should have a full and fair opportunity to evaluate Williams's claims under Maryland policy and procedure before this court reaches the issues raised in his Petition." *Id.* A stay was given for the petitioner to finish pursuing state court review of his innocence claim and the case was held in abeyance "pending Williams's exhaustion of State remedies." *Id.*

Another federal court reached a similar result in *Fitzgerald v. Clarke*, No. 2:17cv337, 2017 WL 6945280 (E.D. Va. Dec. 8, 2017) (unpublished). There, the petitioner raised a gateway claim of actual innocence as a basis to excuse his untimely and procedurally barred habeas petition. *Id.*, 2017 WL 6945280, at **2–3. The respondent answered that the petitioner's "actual innocence theory is unexhausted because it was not correctly presented in his state post-conviction filings," and that since "relief on Fitzgerald's actual innocence claim is still available through a petition in the Virginia courts," dismissal to permit exhaustion was the appropriate outcome. *Id.*, 2017 WL 6945280, at *3. The magistrate agreed, finding the petitioner's gateway actual innocence claim, on habeas review, to be unexhausted in state court:

> Although Fitzgerald has asserted a claim of actual innocence in this court, he has not properly exhausted that claim by filing a petition of actual innocence in state court. Fitzgerald must either exhaust his available state remedies, or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal

13

habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard* [*v. Pruett*], 134 F.3d [615,] 619 [(4th Cir. 1998)]. "The burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). [. . .]

Fitzgerald is not now precluded from filing a state petition for actual innocence because unlike a habeas corpus petition, there is no time limit for asserting an actual innocence claim, and the statute provides an adequate remedy, including where appropriate, release from confinement and expungement of the conviction. Va. Code §§ 19.2-327.5 and 327.13. Because Fitzgerald has a "possible avenue of state court review" to pursue his claim of actual innocence it is unexhausted. *See, O'Sullivan*, 526 U.S. at 844. [. . .]

In this case, *Fitzgerald has not presented good cause for his failure to exhaust, and has filed his federal habeas petition alleging claims of actual innocence before giving the Supreme Court of Virginia the first opportunity to consider his claims.* Based on Fitzgerald's failure to exhaust his claims of actual innocence, the Respondent has not addressed their merits.

*Id.*, 2017 WL 6945280, at **3–4 (emphasis added). The magistrate recommended the action be dismissed in order for the petitioner to exhaust his actual innocence claim in state court. *Id.*, 2017 WL 6945280, at *4. The court later adopted the magistrate's Report and Recommendation that the action be dismissed for lack of exhaustion. *Fitzgerald v. Clarke*, No. 2:17cv337, 2018 WL 406253, at *1 (E.D. Va. Jan. 12, 2018) (unpublished).

The requirement that a petitioner exhaust *all* claims in state court—even a gateway actual innocence claim—before bringing an action in habeas corpus, is a principle followed by other federal courts, in addition to *Williams* and *Fitzgerald*. *See e.g.*, *Woodruff v. Crockett*, No. 7: 16-CV-08 (HL), 2016 WL 11783307, at *2 (M.D. Ga. Sept. 12, 2016) (unpublished) ("Petitioner does not appear to contest the exhaustion issue, but maintains he is actually innocent of the crimes for

14

which he stands convicted"; however, "actual innocence is not an exception to the rules requiring exhaustion, and Petitioner has failed to establish proper exhaustion of his claims, including his alleged actual innocence, or that the state court remedies are unavailable or ineffective"); *Bailey v. Patterson*, No. 1:13-CV-007-WHA, 2016 WL 3892455 (M.D. Ala. June 24, 2016) (unpublished) (rejecting the petitioner's invitation to address actual innocence claim on habeas review when that argument was not exhausted, since it was not presented to the state's highest appellate court, concluding that "this court does not deem it appropriate to rule on the merits of Baily's claims related to newly discovered evidence without first requiring that he exhaust these claims through the state court remedy" provided under state rules of criminal procedure), *report and recommendation adopted by Bailey v. Patterson*, No. 1:13-CV-007-WHA, 2016 WL 3883439, at *1 (M.D. Ala. July 18, 2016) (unpublished).[6]

Likewise, in the case at bar, Petitioner's failure to exhaust his actual innocence claim by bringing a post-conviction appeal to the OCCA should estop his reliance on that innocence claim as a gateway to his untimely and procedurally barred *Brady* claim.[7] As was the case with the

---

[6] Respondent's research on this issue has revealed that one federal district court has taken a different stance with respect to exhaustion of an innocence gateway claim. In *Byrd v. Bauman*, 275 F. Supp. 3d 842 (E.D. Mich. 2017), the court granted a petitioner the benefit of equitable tolling to excuse a one-day tardy habeas petition. The court mentioned in passing that the petitioner "does not have to exhaust the [innocence] claim" before presenting his gateway claim to the federal court; this was in discussion of why the petitioner was not entitled to a stay to pursue the claim in state court. *Id.* at 849. Ultimately, that aspect of the case was dicta because the court resolved the issue by awarding equitable tolling on other grounds. *See id.* Regardless, in light of the fact that federal courts have suggested conflicting answers to the question of gateway exhaustion, Petitioner's silence on this issue is especially troubling. Respondent submits that, even if Petitioner has not waived any argument related to his exhaustion of the gateway claim based on his failure to allege the same in his petition, this Court should, on the merits of the issue, adopt the wiser approach of *Williams*, *Fitzgerald*, *Woodruff*, and *Bailey*, discussed above, and refuse to entertain Petitioner's gateway innocence claim while he still has available state court remedies.

[7] Because the untimeliness of Petitioner's habeas petition is a matter which must also be addressed at this stage of the litigation, *see Day v. McDonough*, 547 U.S. 198, 205–06, 208 (2006)

15

decisions discussed and cited above—including *Williams*, *Fitzgerald*, *Woodruff*, and *Bailey*—Petitioner still has available state court remedies with respect to his actual innocence claim. Petitioner should be required to return to state court in order to pursue an appeal to the OCCA, challenging the district court's December 2022 ruling, in the posture of a post-conviction appeal out-of-time. *See generally* Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2023) (explaining the procedure for seeking a post-conviction appeal out-of-time). Not only is Petitioner silent on this issue, Petitioner also cannot show that seeking a post-conviction appeal out-of-time is a remedy unavailable or ineffective. The OCCA has recently reaffirmed this fact when, in the context of considering the merits of an inmate's fifth application for post-conviction relief, the OCCA held: "This Court's rules and our case law, however, do not bar the raising of factual innocence at any stage. Innocence claims are the Post-Conviction Procedure Act's foundation." *Glossip*, 529 P.3d at 225 (citing *Slaughter*, 108 P.3d at 1054). *See also* OKLA. STAT. tit. 22, § 1080(d) (2011) (authorizing state post-conviction relief under state law

---

(recognizing that a statute of limitations defense, like exhaustion of state remedies, is an affirmative defense),  Respondent has addressed the issue of actual innocence in its separately filed Pre-Answer Motion to Dismiss Petition as Time-Barred. *See* Docs. 54, 55. In so doing, Respondent has pointed out that the factual findings of the state district court on remand—findings which concluded that Petitioner is not actually innocent—are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1), and that Petitioner has failed to rebut the presumption of correctness by clear and convincing evidence. *See Sallahdin v. Gibson*, 275 F.3d 1211, 1225 (10th Cir. 2002) ("Sallahdin has failed to rebut the trial court's findings by clear and convincing evidence (citing 28 U.S.C. § 2254(e)(1)); *see also Hooks v. Workman*, 689 F.3d 1148, 1164 (10th Cir. 2012) ("Any state-court findings of fact that bear upon the claim are entitled to a presumption of correctness."). Nevertheless, in proceeding in the manner which Petitioner has by bypassing a post-conviction appeal on this claim, Petitioner has deprived this Court of findings of fact from the State's highest criminal court regarding Petitioner's innocence claim, even though that Court remanded the issue to the district court specifically so that the appellate court would have a record upon which to decide this issue. To the extent that Petitioner may reply that no deference is owed to the district court's factual findings on remand, or argue that he has somehow overcome the correctness of those findings, it must be kept in mind that Respondent should have also received the benefit of findings from the appellate court in addressing Petitioner's actual innocence claim.

when a petitioner establishes "that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice").[8]

Moreover, it is well established that a habeas petitioner's decision to allege an actual innocence gateway claim does not give him free license to bypass the ordinary channels of review. *See, e.g.*, *Buxton v. Pennsylvania*, No. 2:16cv1489, 2017 WL 138930, at *1 (W.D. Penn. Apr. 14, 2017) (unpublished) ("While there may be an actual innocence exception to procedural default, no such actual innocence exception to the requirement that a Petitioner exhaust his state court remedies before coming to federal court exists."); *Johnson v. Glunt*, No. 14-2317, 2014 WL 5334078, at *4 (E.D. Penn. Oct. 20, 2014) (unpublished) (recognizing that "the cause and prejudice or actual innocence exceptions to the procedural default rule are not applicable to the exhaustion

---

[8] Despite the scope of remand being limited to Petitioner's actual innocence claim, Petitioner invited the district court to revisit his procedurally barred *Brady*/*Napue* claim using his innocence argument as a pass-through (C1039 ("This Court should find that Mr. Ward has met the gateway innocence standard, resurrect Mr. Ward's *Brady's* [sic] claims and again find that the State violated Ward's right to a fair trial.")); *see also* (C1037, at n.8 (Petitioner's lengthy footnote, on remand, attempting to explain gateway innocence under Oklahoma law)). If Petitioner had properly appealed the district court's rejection of his innocence claim to the OCCA on post-conviction appeal, Petitioner could have challenged the district court's refusal to entertain his argument that a gateway innocence claim exists under Oklahoma law (C1161 ("In the absence of on-point, binding precedent, this Court declines to grant a gateway actual innocence claim for relief on post-conviction, and will not re-open his barred claims due to the OCCA's recent ruling.")). If Petitioner had brought an appeal and raised this issue, even if the OCCA would not have granted relief on Petitioner's standalone actual innocence claim, it might have deemed the claim sufficient to bypass the procedural bar on Petitioner's *Brady*/*Napue* claim based on the fundamental miscarriage of justice exception. *See* OKLA. STAT. tit. 20, § 3001.1 (2011); *Malicoat v. State*, 137 P.3d 1234, 1235 (Okla. Crim. App. 2006); *Valdez v. State*, 46 P.3d 703, 710–11 (Okla. Crim. App. 2002). Then, the OCCA might have considered the merits of Petitioner's *Brady*/*Napue* claim and could have either granted him relief or denied on the merits. In the latter case, Petitioner's claim would have arrived in this Court constrained by deference given to the OCCA's merits adjudication under 28 U.S.C. § 2254(d). In other words, by bypassing the OCCA as to his innocence claim, Petitioner suggests he should receive not only *de novo* review of his innocence claim, but also *de novo* review of his *Brady*/*Napue* claim—a claim that hypothetically could have received merits review in state court if he had properly exhausted his state court remedies. This further underscores the necessity for exhaustion in state court, particularly out of respect for principles of comity and federalism. *See Duncan*, 533 U.S. at 179.

requirement," since, if that were the case, "the exhaustion requirement would be eviscerated, allowing the federal court to preempt ongoing state court proceedings"); *Saunders v. Comm'r, Dep't of Corr.*, No. 10cv410 (MRK), 2011 WL 572313, at *3 (D. Conn. Feb. 15, 2011) (unpublished) (noting that "other courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies"). And as the Tenth Circuit has recently cautioned, a gateway innocence claim is still subservient to rules of procedure and can be forfeited by a habeas petitioner's failure to timely and properly raise his innocence claim below. *See Childers v. Crow*, 1 F.4th 792, 798, 801 (10th Cir. 2021) (declining to entertain a gateway innocence claim raised by a *pro se* habeas petitioner when that claim was not raised and preserved in the federal district court, rejecting the notion that the petitioner's innocence claim *per se* trumps the doctrine of waiver), *cert. denied Childers v. Crow*, 142 S. Ct. 2718 (2022).

The requirement that Petitioner exhaust his claims in state court before proceeding to habeas corpus—including his claim of actual innocence—is directly in step with the purpose of the AEDPA. Indeed, as a prerequisite for obtaining habeas corpus in federal court, a state prisoner must demonstrate "that the state court's ruling on the claim being presented in federal court was *so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement*." *Richter*, 562 U.S. at 103 (emphasis added). The exhaustion requirement reinforces the AEDPA's design that "state courts are the principal forum for asserting constitutional challenges to state convictions." *Id.* If Petitioner is permitted to skirt the exhaustion requirement, without giving the OCCA a fair chance to adjudicate his actual innocence claim, it would eviscerate the AEDPA's deferential purpose. *See Duncan*, 533 U.S. at 179 (recognizing that "'it would be unseemly in our dual system of government for a

federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation'" (quoting *Lundy*, 455 U.S. at 518)).

Put simply, Petitioner should not be allowed to bypass a post-conviction appeal to the OCCA. Petitioner's decision to prematurely cut short the state court process deprives this Court the benefit of careful factfinding and reasonable adjudication on Petitioner's innocence claim from Oklahoma's highest criminal court—factual findings which would bear directly on this Court's resolution of Petitioner's actual innocence claim. Nor should Petitioner be heard to complain that exhaustion of his innocence claim would be futile. In addition to his complete silence on this point (which, as discussed above, constitutes waiver of his right to contest the exhaustion issue, *see Walker*, 918 F.3d at 1153), Petitioner has absolutely no evidence that his innocence claim would not be fairly considered at the OCCA, should he be required to pursue a post-conviction appeal out-of-time, as state law allows. *See Bailey*, 2016 WL 3892455, at *2 ("Bailey's assertion of futility is nothing more than his personal perception of futility. This purely non-objective perception of futility does not exempt Bailey from the exhaustion requirements of 28 U.S.C. § 2254."). And any delay that might result from requiring complete exhaustion pales in comparison to the completely unjustified decades-long delay and lack of diligence Petitioner has already interjected into this litigation (C1015 ("Ward offers no reason sufficient to justify his approximately fourteen years of inaction following 2003, and a thorough review of the record reveals none.")). The petition at bar, which hinges on an unexhausted actual innocence claim, should be dismissed.

**CONCLUSION**

Because Petitioner could still receive relief in state court on his actual innocence claim, through perfection of a post-conviction appeal out-of-time to the OCCA, Petitioner's innocence argument is unexhausted. Indeed, unless Petitioner returns to state court to exhaust his innocence claim, this Court is left without factual findings from Oklahoma's highest criminal court on whether alleged newly discovered evidence demonstrates Petitioner's actual innocence of his crimes in this case. As things currently stand, the instant habeas petition is a mixed petition, one on which habeas relief cannot be granted. *Lundy*, 455 U.S. at 510.

As a result, this Court can dismiss the entire petition without prejudice, in order to permit Petitioner to exhaust his state remedies; it may deny the entire petition on the merits, notwithstanding the exhaustion issue; it may give Petitioner leave to amend his petition, to omit his unexhausted claim of actual innocence; or it may stay the petition and hold it in abeyance while Petitioner returns to state court to exhaust his previously unexhausted claim. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016) (citing *Rhines v. Weber*, 544 U.S. 269, 279 (2005), and *Lundy*, 455 U.S. at 510); *Moore v. Shoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); *Gregor v. Franklin*, No. CIV-09-464-W, 2011 WL 4006576, at *1 (W.D. Okla. Sept. 8, 2011) (unpublished). Regardless, Respondent affirmatively *does not waive* the requirement of total exhaustion as to the issues raised in Petitioner's habeas petition. 28 U.S.C. § 2254(b)(3). And alternatively, this Court may find the petition to be time-barred by the statute of limitations, 28 U.S.C. § 2244(d)(1), as separately addressed in Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations, filed contemporaneously herewith. *See* Docs. 54, 55. Wherefore, for the reasons discussed herein, the habeas petition at bar must be dismissed.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ Theodore M. Peeper**
**THEODORE M. PEEPER, OBA #19909**
**ASSISTANT ATTORNEY GENERAL**

**s/ Joshua R. Fanelli**
**JOSHUA R. FANELLI, OBA #33503**
**ASSISTANT ATTORNEY GENERAL**

**OKLAHOMA ATTORNEY GENERAL'S OFFICE**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921          FAX (405) 522-4534

**Service email: fhc.docket@oag.ok.gov**

**ATTORNEYS FOR RESPONDENT**

21

## <u>CERTIFICATE OF SERVICE</u>

**X**    I hereby certify that on June 30, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**    I hereby certify that on June 30, 2023, I electronically transmitted the attached document to the following ECF registrants using the ECF System for filing:

Mark H. Barrett, OBA #557
P.O. Box 896
Norman, Oklahoma 73070

Daniel G. Webber, Jr., OBA #16332
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104

Gregory Swygert (*pro hac vice*)
375 East Chicago Avenue
Chicago, Illinois 60611

Robert N. Hochman (*pro hac vice*)
David H. Hoffman (*pro hac vice*)
John G. Levi (*pro hac vice*)
Emily Scholtes (*pro hac vice*)
Matthew Binder (*pro hac vice*)
William Lawrence (*pro hac vice*)
1 South Dearborn
Chicago, Illinois 60603

*Attorneys for Petitioner*

                                        <u>s/ Theodore M. Peeper</u>
                                        *Assistant Attorney General*

22