## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **THOMAS JESSE WARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV 23-146-JFH-GLJ** |
| **v.** | ) | |
| | ) | |
| **DAVID BUSS, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PETITIONER'S BRIEF IN OPPOSITION TO RESPONDENT'S
### SECOND MOTION TO DISMISS FOR FAILURE TO EXHAUST

Mr. Ward seeks relief based on the State's violations of the Fourteenth Amendment. *See Brady v. Maryland*, 373 U.S. 83 (1963). If this Court agrees that the State withheld material and exculpatory evidence that would have, if available, reasonably likely changed the outcome of Mr. Ward's trial, he is entitled to relief. But because his claim is brought pursuant to the federal habeas corpus statute, and because it is arguably time barred or procedurally defaulted, Mr. Ward has demonstrated his actual innocence, which overcomes those potential procedural obstacles to this Court's consideration of his *Brady* claim on the merits. *Cf. McQuiggin v. Perkins*, 569 U.S. 383, 392–94 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

In its second motion to dismiss, the State argues that Mr. Ward has procedurally defaulted his actual innocence claim. The error in the State's view is simple: the State treats his actual innocence arguments to obtain review on the merits of his *Brady* claim as if those actual innocence arguments were themselves the grounds on the merits for relief. The State incorrectly asserts that Mr. Ward brings a claim of actual innocence as his first ground of error. Brief in Support of Motion to Dismiss in the Alternative at 9, Dkt. #57. That is simply wrong, and the State's second motion fails once that error becomes clear. The State's position is at odds with the explicit words of the

1

Tenth Circuit in the case of Mr. Ward's co-defendant. *Fontenot v. Crow*, 4 F.4th 982, 1034 (10th Cir. 2021) ("[A] gateway innocence assertion … is an exception to federal procedural obstacles to relief rather than a substantive claim."), *cert. denied*, 142 S. Ct. 2777 (2022). Mr. Ward fully exhausted his actual constitutional claim for relief—his *Brady* claim—and therefore the State's motion should be denied.

I.      **Mr. Ward Exhausted His Claim for Relief.**

The exhaustion requirement is grounded in comity and is "based on the principle that 'the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *McCormick v. Parker*, 571 F. App'x 683, 686 (10th Cir. 2014) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A claim is exhausted when it has been "'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (quoting *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009)).

Mr. Ward exhausted his *Brady* claim by presenting it to the Oklahoma Court of Criminal Appeals and providing the Oklahoma state courts with one full opportunity to resolve any constitutional issues. The violation of Mr. Ward's constitutional rights was the suppression of favorable material evidence, and the Oklahoma state courts were provided with a fair opportunity to address and correct that violation. *See* Order Reversing Grant of Post-Conviction Relief and Remanding for Further Proceedings, C1008–16. The State does not dispute this.

Mr. Ward satisfied the exhaustion requirement when he presented to the Oklahoma Court of Criminal Appeals the sole federal constitutional claim that he raises in his habeas petition.

2

II.     **Mr. Ward Need Not Exhaust a Procedural Gateway.**[1]

The State is correct that, in state court, Mr. Ward brought a substantive actual innocence claim under Section 1080(d) of Oklahoma's Post-Conviction Procedural Act. Brief in Support of Motion to Dismiss in the Alternative at 3, Dkt. #57; *see also* Okla. Stat. tit. 22 § 1080(d).[2] Mr. Ward does not deny that he did not appeal his Oklahoma state law substantive claim of actual innocence. But none of that matters because Mr. Ward does not bring Oklahoma state law claims in his federal habeas petition. Nor is a substantive claim of actual innocence even a cognizable claim for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th Cir. 2018).

Mr. Ward raises his actual innocence to overcome any procedural bars to having his constitutional claims heard on the merits. As detailed in his petition, Mr. Ward is actually innocent of the crime of which he was convicted. *See* Petition for Writ of Habeas Corpus at 44–59, Dkt. #2. Accordingly, any procedural defects in his petition can be waived to prevent the fundamental miscarriage of justice that arises from incarcerating someone who is actually innocent whose trial

---

[1] The State cites appellate waiver cases for the position that Mr. Ward is barred from replying to a motion to dismiss with any points not raised in his original position. *See* Brief in Support of Motion to Dismiss in the Alternative at 11, Dkt. #57. First, Mr. Ward's habeas petition set forth the procedural history of his state court post-conviction proceeding in which he exhausted his *Brady* claim. *See* Petition for Writ of Habeas Corpus at 43–44, Dkt. #2. Second, the State does not cite any authority concerning a response to a motion to dismiss a habeas petition, and it's not immediately clear why an out-of-context quote from the appellate waiver context would apply here. If the Court finds the State's appellate waiver argument compelling, Mr. Ward requests the right to file an amended petition.

[2] As of November 1, 2022, this provision is now codified at Section 1080(4). *See* Okla. Stat. tit. 22 § 1080.

was infected by a constitutional violation. *See Schlup*, 513 U.S. at 314–16, 327; *Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010); *Fontenot*, 4 F.4th at 1030.

The procedural actual innocence gateway claim and a substantive actual innocence claim as a basis for relief are fundamentally different. Mr. Ward's claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *See Schlup*, 513 U.S. at 315 (quoting *Herrera*, 506 U.S., at 404); *see also Fontenot*, 4 F.4th at 1034; *Farrar v. Raemisch*, 924 F.3d 1126, 1130–31 (10th Cir. 2019) (explaining that gateway actual innocence claims are procedural, rather than a substantive basis for relief); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[T]he claim of innocence is merely the means by which an otherwise barred constitutional error affecting the fairness of the petitioner's trial can be heard.").[3] This procedural gateway need not be exhausted.

Actual innocence is frequently raised in habeas petitions, and those cases do not discuss exhaustion of the procedural gateway. *E.g.*, *Fontenot*, 4 F.4th at 1018–27 (discussing the exhaustion of petitioner's substantive claims but not his successful actual innocence gateway

---

[3] Further distinguishing the actual innocence gateway from the state law substantive claim is the fact that the evidentiary burden for the gateway claim of actual innocence is also markedly lower than the standard for a claim under Oklahoma state law. *Compare Fontenot*, 4 F.4th at 1030 ("[A] petitioner's burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" (quoting *House v. Bell*, 547 U.S. 518, 538 (2006))), *with* Order Denying Post-Conviction Relief at 9, C1162 (applying the "clear and convincing standard" to review of Mr. Ward's claim under Section 1080(d) of Oklahoma's post-conviction statute); *see also Schlup*, 513 U.S. at 327 ("[T]he showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard … .").

argument); *Schlup*, 513 U.S. at 307, 332 (remanding petitioner's actual innocence gateway argument, raised for the first time in his second habeas petition); *Schlup v. State*, 758 S.W.2d 715, 715–17 (Mo. 1988) (en banc) (addressing petitioner's post-conviction contentions, none of which was an actual innocence argument); *House*, 547 U.S. at 555 (holding that petitioner satisfied the actual innocence gateway, without discussing exhaustion, despite petitioner not having raised actual innocence in state court); *House v. State*, 911 S.W.2d 705, 706–07 (Tenn. 1995); *Reese v. Yates*, 778 F. App'x 552, 555, 557–58 (10th Cir. 2019).

The reason why courts do not discuss exhaustion of *federal* procedural barriers to consideration of post-conviction claims on their merits is simple: it makes no sense to ask a State court to pass on an issue that is purely a matter of federal procedural law. As noted, exhaustion is a matter of comity; it provides state courts with a full opportunity to correct errors of federal law infecting their judgments *before* a federal court would do so. The actual innocence gateway is a federal law *exception* to the other federal law procedural barriers to review on the merits, analogous to equitable tolling, statutory tolling, or a showing of cause and prejudice, and research has not revealed a single case requiring that a federal habeas petitioner exhaust tolling arguments in state court before raising them in federal court. Nor would such a requirement fit into the structure of the federal habeas regime or the purpose of the exhaustion requirement: to give state courts the chance to review constitutional issues for purposes of comity. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[C]omity [i]s the basis for the exhaustion doctrine[.]"). There is no comity interest to preserve; state courts do not consider procedural questions of federal law and have no interest in such questions.

Not only do the legion of actual innocence gateway cases fail to discuss any requirement that the gateway be exhausted, the Tenth Circuit repeatedly has held that the actual innocence

gateway is grounds to overcome a lack of exhaustion. *E.g.*, *Reese*, 778 F. App'x at 557–58 (noting that petitioner "must establish proof of a 'fundamental miscarriage of justice' by demonstrating that he is actually innocent" to overcome procedural exhaustion requirement on unexhausted Grounds Six and Seven); *Ray v. McCollum*, 727 F. App'x 517, 524 (10th Cir. 2018) ("There are some situations where a habeas petitioner's failure to exhaust claims in state court is excused, including where a petitioner makes 'a credible showing of actual innocence.'" (quoting *McQuiggin*, 569 U.S. at 392)); *Johnson v. Raemisch*, 779 F. App'x 507, 514 n.7 (10th Cir. 2019) ("[T]he fundamental miscarriage of justice exception only excuses a failure to exhaust when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" (emphasis omitted) (quoting *Selsor v. Kaiser*, 22 F.3d 1029, 1034 (10th Cir. 1994))); *see also Sanchez v. Warrior*, 636 F. App'x 971, 976 (10th Cir. 2016) (noting that because petitioner "had not exhausted the claim in state court, it was subject to anticipatory procedural bar, and [petitioner] had not made an actual innocence showing to excuse the procedural default"); *cf. Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007) (holding that actual innocence can prove an exception to the exhaustion bar in the context of the Immigration and Nationality Act because "the 'miscarriage of justice' standard is the one the Supreme Court has used in making exceptions to the exhaustion bar in habeas corpus claims under 28 U.S.C. § 2254, which is similarly statutory").

Other courts agree. *E.g.*, *Milone v. Camp*, 22 F.3d 693, 699 (7th Cir. 1994) ("[T]he total exhaustion requirement may be relaxed [in the event of] a 'colorable claim' by the petitioner that he is actually innocent of the crime for which he was convicted." (citation omitted)); *Fontenot v. Allbaugh*, 402 F. Supp. 3d 1110, 1152 (E.D. Okla. 2019) ("[T]he exhaustion rule and the procedural default rule both serve the same general purposes of principles of comity and federalism, and there is no question actual innocence serves as a narrow exception to the procedural

default rules. In fact, 'if petitioner is actually innocent of the crime for which he was convicted, it may be a "fundamental miscarriage of justice" for a federal court not to entertain his constitutional claims.' Because [petitioner] satisfies the 'miscarriage of justice' exception by establishing his actual innocence, he has established the unique and compelling circumstances sufficient to warrant being excused from having to return to state court." (cleaned up and quoting *Milone*, 22 F.3d at 700)), *aff'd sub nom. Fontenot v. Crow*, 4 F.4th 982. *But see Childers v. Crow*, 1 F.4th 792, 801 (10th Cir. 2021) (confirming only that appellate waiver requirements apply to actual innocence arguments), *cert. denied*, 142 S. Ct. 2718 (2022). This Court should reject the non sequitur that an equitable procedural gateway that can overcome a failure to exhaust needs to be exhausted.

The State purports to find authority for its counterintuitive position, but all its cases are distinguishable.

First there is *Williams v. Dean*, in which the Petitioner sought a stay of the federal habeas case to pursue a pending, and potentially substantive, claim of actual innocence in state court. No. CV ELH-22-75, 2023 WL 375192, at *2–3 (D. Md. Jan. 24, 2023); *see also id.* at *3 ("[T]he Court notes that because Williams's petition for writ of actual innocence remains pending in the state court system, it is unclear whether Williams may ultimately seek to pursue a freestanding claim of actual innocence, a gateway claim, or both.").[4] Mr. Ward is not asking for a stay, has no pending state court petition, and is not pursuing a substantive actual innocence claim here.

---

[4] The petitioner in *Williams* left open the possibility that he would raise a substantive actual innocence argument, *see* Motion for Stay and Abeyance, *Williams*, 2023 WL 375192 (No. 1:22-cv-00075-ELH), ECF 13, which Mr. Ward does not dispute would need to be exhausted. The state in *Williams* recognized this: "To the extent that Williams is seeking a stay to litigate his state actual innocence claim so that he can later assert a *Schlup* actual innocence gateway claim to avoid a procedural default, the Court should deny the motion because *he does not need to exhaust his actual innocence claim in the state courts to raise it as a* Schlup *gateway claim*." Respondents' Opposition to Petitioner's Motion for Stay and Abeyance, *Williams*, 2023 WL 375192 (No. 1:22-cv-00075-ELH), ECF 15 (emphasis added).

The State also points to *Fitzgerald v. Clarke*, but that case too involved a substantive claim of actual innocence. No. 2:17-CV-337, 2017 WL 6945280, at *2 (E.D. Va. Dec. 8, 2017) ("Claim 2 mirrors State Claim A and asserts that the Lewis Affidavit demonstrates Fitzgerald is actually innocent."), report and recommendation adopted, No. 2:17-CV-337, 2018 WL 406253 (E.D. Va. Jan. 12, 2018); Petition for Writ of Habeas Corpus at 5–6, *Fitzgerald v. Clarke*, 2018 WL 406253 (No. 2:17-cv-00337), ECF 1 (listing "New Evidence demonstrating Actual/Factual Innocence" as a "ground on which [petitioner] claim[s] that [he is] being held in violation of the Constitution"). The petitioner's other substantive claims were time barred, and their review thus contingent on gateway actual innocence, which overlapped significantly with his unexhausted substantive actual innocence claim. The magistrate thus recommended dismissal without prejudice because the petitioner's "ability to pursue any of his other claims depends on the threshold sufficiency of his evidence of actual innocence," and his substantive actual innocence claim was unexhausted and to be reviewed by the state court. *Fitzgerald*, 2017 WL 6945280 at *4. Mr. Ward only raises the procedural gateway innocence claim, thus his procedural gateway is not bound up in any unexhausted substantive innocence claim because he does not bring one.

The State relies on *Woodruff v. Crockett*, No. 7:16-CV-08 (HL), 2016 WL 11783307, at *2 (M.D. Ga. Sept. 12, 2016), for the cherry-picked quote: "[A]ctual innocence is not an exception to the rules requiring exhaustion, and Petitioner has failed to establish proper exhaustion of his claims, including his alleged actual innocence, or that the state court remedies are unavailable or ineffective." *Woodruff* does contain that throwaway clause, but the petitioner in that case failed to exhaust his substantive claims, and the clause was not necessary to the decision. None of the petitioner's claims, including the constitutional claims, had been exhausted. *Id.*; *see also id.* ("The Court notes that this is not a situation in which Petitioner has provided the state courts 'one full

opportunity to resolve any *constitutional* issues by invoking one complete round of the State's established appellate review.'" (emphasis added) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))). Mr. Ward has exhausted his Brady claim, which is the sole federal constitutional claim that he brings.

The State's fourth case, *Bailey v. Patterson*, similarly concerned a substantive claim of actual innocence that had not been exhausted in the state courts. Amendment to Federal Habeas Corpus Petition at 20, 2016 WL 3883439 (M.D. Ala. July 18, 2016) (No. 1: 13-cv-00007), ECF 11 ("HABEAS CLAIM NO. 4[:] Newly discovered evidence of the innocence of the petitioner exists which shows the petitioner is factually innocent … . The trial court's failure to grant relief upon this claim violated petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution" (capitalization omitted)). The petitioner then requested a stay to allow him to exhaust this substantive claim. Motion to Stay, *id*., ECF 37. Although the *Bailey* court dismissed to allow petitioner the opportunity to exhaust his claims related to newly discovered evidence, bound up in that was the petitioner's unexhausted *Brady* claim. *Bailey v. Patterson*, 2016 WL 3892455, at *1–3 (M.D. Ala. June 24, 2016) ("She also presented newly discovered evidence of prosecutorial conduct regarding the alleged withholding of exculpatory evidence."), report and recommendation adopted, 2016 WL 3883439 (M.D. Ala. July 18, 2016).[5] Thus the petitioner in *Bailey* presented two unexhausted substantive claims for relief—*Brady* and actual innocence; Mr. Ward presents only a single, exhausted grounds for relief, his *Brady* claim.

---

[5] *Woodruff* cited to *Bailey* for the proposition that an actual innocence gateway argument must be exhausted without grappling with the fact that the petitioner in *Bailey* brought a substantive actual innocence argument. *Woodruff*, 2016 WL 11783307, at *2.

**CONCLUSION**

Mr. Ward exhausted his sole constitutional claim for relief. He raises his actual innocence not as an independent ground for relief, but as a gateway through which his claims can be heard. The State cites no authority that requires a habeas petitioner to exhaust his gateway actual innocence claim. That makes sense because the actual innocence gateway is not a ground for relief. For the foregoing reasons, this Court should deny the State's second motion to dismiss alleging a failure to exhaust necessary state court remedies (ECF No. 57).[6]

---

[6] The State also requested an opportunity to brief the merits, if its two separate motions to dismiss are denied. This Could should hold that the State has waived any argument to dismiss the merits by filing two separate motions, neither of which addressed the merits. This Court's order was clear, and the State was given an opportunity to file an answer or file "a motion to dismiss." Order, ECF 41. Rather than answer, the State chose to file two motions to dismiss.

Dated this 28th day of July 2023.

Respectfully submitted,
*/s/ Mark H. Barrett*
*An Attorney for the Petitioner*
Mark H. Barrett, OBA No. 557
P.O. Box 896
Norman, OK 73070
Tel: (405) 326-4758
barrettlawoffice@gmail.com

Daniel G. Webber, Jr., OBA No. 16332
Ryan Whaley
400 North Walnut Avenue
Oklahoma City, OK 73104
Tel: (405) 239-6040
Facsimile: (405) 239-6766
dwebber@ryanwhaley.com

Gregory R. Swygert (admitted *pro hac vice*)
Center on Wrongful Convictions
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
Tel: (312) 503-8576
gregory.swygert@law.northwestern.edu

Robert N. Hochman (admitted *pro hac vice*)
David H. Hoffman (admitted *pro hac vice*)
John G. Levi (admitted *pro hac vice*)
Emily Scholtes (admitted *pro hac vice*)
Matthew Binder (admitted *pro hac vice*)
William Lawrence (admitted *pro hac vice*)
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
rhochman@sidley.com
david.hoffman@sidley.com
jlevi@sidley.com
escholtes@sidley.com
mbinder@sidley.com
bill.lawrence@sidley.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 28, 2023, I electronically served the foregoing document on all counsel of record via the Court's CM/ECF filing system.

<u>/s/ Matthew Binder</u>
*An Attorney for the Petitioner*

4853-8689-9569v.9