IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

THOMAS JESSE WARD,       )
       )
       Petitioner,       )
v.       )       Case No. CIV-23-146-JFH-GLJ
       )
DAVID BUSS, Warden,       )
       )
       Respondent.       )

## REPLY TO PETITIONER'S BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, and offers the instant Reply to Petitioner's "Brief in Opposition to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred." *See* Doc. 61.[1] For the reasons advanced in Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations and Brief in Support, *see* Docs. 54, 55, Respondent respectfully requests that this Court dismiss the instant petition, as it is time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations, 28 U.S.C. § 2244(d).

## ARGUMENT AND AUTHORITY

### I.   BECAUSE PETITIONER IS NOT ACTUALLY INNOCENT, THE GATEWAY TO HIS UNTIMELY CLAIMS MUST REMAIN CLOSED.

Petitioner again insists that the alleged new evidence detailed in his petition demonstrates that he is actually innocent of abducting and murdering Donna Denice Haraway on April 28, 1984. *See* Doc. 61, at 1. Specifically, Petitioner seeks to pass through the actual innocence gateway to have his otherwise untimely *Brady*/*Napue*[2] claim considered on the merits. *See Schlup v. Delo*,

---

[1] This Reply is filed in accordance with Local Civil Rule 7.1(e).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The *Schlup* standard is "demanding" and permits review of a barred habeas claim only in the "extraordinary" case. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327) (quotation marks omitted). This is not one of those cases.

In that respect, Petitioner has fallen short of establishing actual innocence as a gateway. *See Schlup*, 513 U.S. at 324. The purportedly "new" evidence Petitioner points to falls short of the *Schlup* standard, and instead would have been, at most, cumulative to the evidence already available long ago. *See Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999) (alleged newly discovered evidence "barely aids his case and is merely impeaching evidence that would not cause a rational person to doubt Clayton's guilt"). By and large, "claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324. This case should be no exception.

### A.   Petitioner has failed to rebut the state district court's factual findings by clear and convincing evidence.

As Respondent previously emphasized, the state district court's factual findings—in rejecting Petitioner's claim of actual innocence—are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1), a presumption which Petitioner must rebut by clear and convincing evidence. *See* Doc. 55, at 14–15, 25. In his habeas petition, Petitioner failed to meaningfully discuss the district court's rejection of his actual innocence claim, much less did he rebut the factual findings of the state court by clear and convincing evidence. *See* Doc. 2, at 44. Again attempting to skirt the reality that his innocence claim was found meritless at the state district court, Petitioner discounts the legitimacy of that court's conclusion by claiming the court "did not consider the complete record before this Court." Doc. 61, at 2. On this, Petitioner is incorrect.

The state district court, in its order on remand, specifically denoted that it had considered "all materials listed in the Post-Conviction Findings and Conclusions filed herein on December

18, 2020," with the addition of the parties' pleadings on remand, in adjudicating the remanded proceedings, even despite the limited scope on remand (C1155–C1156). *See also* (C0769). At that time, the district court correctly recognized that Petitioner's reliance on alleged new evidence must be taken "in context with the entirety of the trial evidence available in the record," which required review of "the evidence presented to the jury at retrial." (C1162). Ultimately, the state district court held: "The Court, *having considered the entirety of the record and materials discussed by Petitioner Ward and the State in their supplemental briefs pertaining to newly discovered evidence* [finds that such evidence] does not demonstrate, by clear and convincing evidence, Ward's innocence of the crimes for which he was convicted." (C1162 (emphasis added)). Accordingly, Petitioner's claim that the district court "did not consider the complete record" is simply mistaken.[3]

Nor is there merit to Petitioner's suggestion that the state district court's factual findings warrant no deference simply because the actual innocence rubric under Oklahoma law differs from the *Schlup* standard for a gateway innocence claim. The plain text of § 2254(e)(1) makes clear that "a determination of *a factual issue* made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1) (emphasis added). There is no caveat that the state-law standard at stake mirror the federal standard in order for (e)(1) deference to apply. *See DiBenedetto v. Hall*, 272 F.3d 1, 7 n.1 (1st Cir. 2001) ("Whether or not the state court has decided the federal claim on the merits, *any factual determination that it makes—even if they relate solely to an independent state claim—*

---

[3] If the record at bar contains more than what the state district court considered, and Petitioner's present claims are more expansive than that which was presented below, *arguendo*, then this is a further reason, beyond Petitioner's failure to appeal to the OCCA, that Petitioner runs afoul of the exhaustion requirement. 28 U.S.C. § 2254(b)(1) (exhaustion requirement). *Cf. also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (habeas review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits"). This is in line with the AEDPA's design, which gives the state courts a "fair opportunity" to first address a habeas petitioner's claims before those claims arrive in federal court. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).

remain entitled to the presumption set forth in 28 U.S.C. § 2254(e)(1)." (emphasis added)); *Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999) (in the context of weighing sufficiency of evidence to justify lesser offense instructions, observing that "we must afford a presumption of correctness to *any* factual findings" (emphasis added) (citing 28 U.S.C. § 2254(e)(1))). Even after two chances in written briefing before this Court—both in his original petition and in his response—Petitioner has failed to rebut the state district court's factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Sallahdin v. Gibson*, 275 F.3d 1211, 1225 (10th Cir. 2002) (finding the petitioner had "failed to rebut the trial court's findings by clear and convincing evidence").

**B.     Petitioner's delay in marshaling these claims bears on their credibility.**

The parties agree that Petitioner's delay in presenting his claims is relevant to any actual innocence determination, *see Perkins*, 569 U.S. at 401, but that such delay should be treated as one factor among others. Doc. 61, at 3. In an effort to justify that delay, though, Petitioner relies upon the Tenth Circuit's decision in *Fontenot v. Crow*, 4 F.4th 982 (10th Cir. 2021), which affirmed this Court's grant of habeas relief to Petitioner's co-defendant in *Fontenot v. Allbaugh*, 402 F. Supp. 3d 1110 (E.D. Okla. Aug. 21, 2019). Petitioner urges this Court to view his case as materially indistinguishable from Mr. Fontenot's. Nonetheless, this Court observed that Mr. Fontenot, who at one point shared counsel Mark Barrett with Petitioner, was allegedly deprived of access to files underpinning his claims, including the OSBI records:

> Attorney Mark Barrett, who represented Thomas Ward, Mr. Fontenot's co-defendant, removed Mr. Fontenot's files, including the OSBI reports from the OIDS office without any authorization or release from Mr. Fontenot. Mr. Barrett claims to have been representing both Mr. Ward and Mr. Fontenot, but only filed a state post-conviction brief for Mr. Ward in October [sic] 2017. Mr. Barrett never filed a state application for Mr. Fontenot. Mr. Barrett's representation of both Mr. Ward and Mr. Fontenot represents a conflict which Mr. Fontenot raised, and Respondent questioned, during post-conviction proceedings.

*Fontenot*, 402 F. Supp. 3d at 1127. Petitioner fails to acknowledge this inconvenient fact.

Likewise, the OCCA recently recognized, during the State's post-conviction appeal in this case, that Petitioner "came into possession of the OSBI Records in 2003 when his counsel received them from the Oklahoma Indigent Defense System." (C1015). On this, the OCCA announced the following: "Ward offers no reason sufficient to justify his approximately fourteen years of inaction following 2003, and a thorough review of the record reveals none." (C1015). This conclusion was particularly reasonable given that Mr. Barrett admitted he had received the OSBI file "in or around 2003 or 2004," and that he had spent the years since that time allegedly seeking "to determine the identity of Ms. Haraway's actual killer." (C0265–C0266, C0268–C0269). Even after all this time, Petitioner has not identified who he believes the "actual killer" really was.

As Petitioner notes, it is not his burden to uncover alternate suspects allegedly responsible for the crimes in this case. Doc. 61, at 7 n.3. *See also* Doc. 61, at 3–4. And that is precisely the point. Petitioner could have timely marshaled his claims for relief when he came into possession of the OSBI records in 2003, rather than fruitlessly investigating other leads for roughly fourteen years and interjecting needless delay into these proceedings. *See* (C1015). The delay in this case is one of Petitioner's own making, and the OCCA was entirely reasonable in recognizing the significance of his unjustified tardiness (C1015). *See also Perkins*, 569 U.S. at 400 ("The timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim."); *House*, 547 U.S. at 537. On balance, Petitioner has failed to rebut the OCCA's presumptively correct factual finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.      **Petitioner's "new" evidence is not new.**

Respondent addressed and rebutted the alleged "new" evidence supporting Petitioner's claim of actual innocence. *See* Doc. 55, at 14–25. Specifically, Respondent drew this Court's attention to the factual deference owed the state district court's adjudication of Petitioner's

innocence claim on the merits, pursuant to 28 U.S.C. § 2254(e)(1), and further argued that Petitioner had failed to satisfy the "very narrow" actual innocence gateway, *see Perkins*, 569 U.S. at 401. Doc. 55, at 14–15, 25. Put another way, Petitioner fell short of rebutting, by clear and convincing evidence, the state district court's factual determination that the "new" evidence he now relies upon did not demonstrate his actual innocence of the crimes in this case.

In response, Petitioner doubles down on the import of this allegedly "new" evidence, and again insists that the trial evidence substantiating his guilt was "weak." Doc. 61, at 4–12. But even after Respondent's briefing on this point, Petitioner once again fails to explain whether any deference is owed to the state district court's adjudication of this claim—nor does he engage with the state district court's explicit determination, and the implicit findings underlying that determination, that he is not actually innocent. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). This Court should not review the facts supporting Petitioner's gateway innocence claim *de novo*, as Petitioner's argument seems to assume, but should instead constrain its review through the deferential lens of the AEDPA. *See Richter*, 562 U.S. at 102–03.

Generally, "a state prisoner must show that the state court's ruling on the claim being presented in federal court *was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement*." *Id.* at 103 (emphasis added). *See also Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunctio[n]' for which federal habeas relief is the remedy."). Some courts have also extended AEDPA deference to innocence claims in federal habeas corpus. *See, e.g.*, *Jimenez v. Stanford*, 560 F. Supp. 3d 761, 770 (S.D.N.Y.

2021) ("Thus, absent any precedent or textual indication to the contrary, the Court concludes that the state court's adjudication of Jimenez's actual-innocence claim is entitled to AEDPA deference."); *Bryant v. Dowling*, No. 17-CV-0468-CVE-JFJ, 2020 WL 5807962, at *11 (N.D. Okla. Sept. 29, 2020) (unpublished) ("The OCCA's decisions on petitioner's actual-innocence and ineffective-assistance-of-appellate-counsel claims are entitled to deference under the AEDPA . . . ." (citing *Smith v. Duckworth*, 824 F.3d 1233, 1242 n.6 (10th Cir. 2016))). *See also Gardner v. Galetka*, 568 F.3d 862, 879 (10th Cir. 2009) (holding that a state cannot waive AEDPA deference).

In any event, Petitioner has not shown by clear and convincing evidence how the state district court's adjudication of his actual innocence claim rested upon an erroneous factual determination. *See* 28 U.S.C. § 2254(e)(1). And though Petitioner, if he had made this argument, would likely claim that the state district court's adjudication is owed no deference because a gateway innocence claim is unavailable under Oklahoma law, the state district court considered and rejected *both* Petitioner's gateway innocence claim as well as his standalone innocence claim. (C1160–C1162). *See Burton v. Stephens*, No. 12-70021, 543 F. App'x 451, 457–58 (5th Cir. Oct. 28, 2013) (unpublished) (addressing actual innocence claim the petitioner raised in state court as a standalone ground for relief, holding the federal district court "applied appropriate deference to the state habeas proceeding under AEDPA"). The actual innocence gateway should remain closed.

In touting the strength of each piece of alleged "new" evidence, Petitioner repeatedly makes the same mistake—he views the evidence in the light most favorable to his actual innocence claim, rather than account for the deference to the state district court's express finding, and all implicit findings necessarily included therein, that he was not actually innocent. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (§ 2254(e)(1) requires "deference" to state court findings). Viewing the evidence with proper deference, and not *de novo*, Petitioner's attempted actual

7

innocence showing falls short. Respondent here reiterates, as previously argued, *see* Doc. 55, at 15–25, that Petitioner's relied-upon evidence, including the timeline of the blouse description, information about Billy Charley and Floyd Degraw, and alleged lineup details, are neither new nor such that no reasonable juror would have found Petitioner guilty, especially in light of Petitioner's sworn admission to leaving McAnally's with Ms. Haraway. *See Schlup*, 513 U.S. at 329.

## II.     PETITIONER'S INVOCATION OF 28 U.S.C. § 2244(d)(1)(D) IS WAIVED AND, IN ANY EVENT, UNAVAILING TO HIS REQUEST FOR MERITS REVIEW.

Petitioner further argues that, as an alternative to his actual innocence gateway claim, this Court should afford him a new trigger date for the one-year AEDPA limitations period, running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See* Doc. 61, at 12–13. Petitioner's invocation of sub-section (D), for the first time in his response brief, should fail.

For starters, as Respondent urged in its Brief in Support, *see* Doc. 55, at 10–12, Petitioner did not adequately plead the sub-section (D) trigger date in his habeas petition. Rather, Petitioner framed his argument as only a gateway innocence claim. *See* Doc. 2, at 44–59. In response, Petitioner now insists he did, in fact, raise the sub-section (D) argument in his petition. Doc. 61, at 12 (citing Doc. 2, at 47). But the page he cites in his petition did not mention or discuss 28 U.S.C. § 2254(d)(1)(D). Without any explanation or elaboration, Petitioner included only a passing remark that "the timer did not start running while his state post-conviction was pending when additional *Brady* material was produced by the state." Doc. 2, at 47 (citing only 28 U.S.C. § 2244(d)(2)). Nothing further was offered. This Court should not be left to guess at what date Petitioner believes should allegedly serve as a sub-section (D) trigger date. Perhaps realizing his deficient briefing on this point, Petitioner pivots to argue in his response that he need not have

specifically pled sub-section (D), in any event, because it is an affirmative defense for Respondent to raise in the first place. Doc. 61, at 13. This argument is similarly meritless and must be rejected.

Undoubtedly, a federal court "must accord the parties fair notice and an opportunity to present their positions" before the court "act[s] on its own initiative." *Day v. McDonough*, 547 U.S. 198, 210 (2006). *See also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). Notice and an opportunity to be heard holds especially true when the habeas litigant is *pro se*. *Campbell v. Artus*, No. 14-CV-5594 (RRM), 2019 WL 1434976, at *4 (E.D.N.Y. Mar. 29, 2019) (unpublished). But here, the statute of limitations did not arise *sua sponte*—Respondent affirmatively raised it. And Petitioner is not *pro se*—he is ably counseled. A defendant as heavily counseled as Petitioner should be strictly held to the argument presented in the petition, and this Court should decline to look beyond the text of his petition to supply him arguments he failed to make when he had the chance. *See Andres-Mateo v. Garland*, No. 21-9505, 2022 WL 3418555, at *2 n.2 (10th Cir. Aug. 17, 2022) (unpublished) (counseled litigant's pleadings not entitled to liberal construction); *Baker v. Breslin*, No. 21-CV-0126-GKF-CDL, 2022 WL 1251305, at *4 (N.D. Okla. Apr. 27, 2022) (unpublished). Petitioner forfeited this claim when he omitted it from his eighty-four-page petition.

Setting the waiver issue aside, *arguendo*, the petition should not be afforded a new trigger date under sub-section (D), because Petitioner has failed to show how the 2019 disclosure provided a new factual predicate upon which to base his claim for relief. Petitioner offers only a cursory review of this issue, claiming that "much of the evidence" supporting his *Brady* claim was not turned over until 2019, and that "he could not have previously discovered this evidence by due diligence." Doc. 61, at 13. Petitioner's sole support for his alleged diligence is one "*see generally*" cite to his Appendix. Doc. 61, at 13. In light of his implicit concession that some of the evidence was available before 2019, Petitioner does not explain how his claims could not have been

marshaled before 2019. Indeed, Petitioner alleged innocence in a brief supporting his original post-conviction application in 2017, filed two years before the disclosure. *See* (C0009–C0075).

Petitioner's argument misapprehends the scope of 28 U.S.C. § 2244(d)(1)(D); the time runs from the objective date the "vital facts" could have been discovered through due diligence, not when those facts were actually discovered, nor when the petitioner subjectively "recognize[d] the[] legal significance" of those facts. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). *See also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers *every possible scrap of evidence* that might, by negative implication, support his claim." (emphasis added)). Again, the OCCA held that Petitioner could have formulated his claims in 2003, when he came into possession of the OSBI records, and that "a thorough review of the record reveal[ed]" no reason to justify his approximately fourteen years of inaction (C1015). Having failed to rebut this finding by showing how his claims could not have been reasonably formulated earlier with due diligence, Petitioner is not entitled to a new trigger date under 28 U.S.C. § 2244(d)(1)(D). *See LeBeouf v. Hooper*, No. 21-329-BAJ-RLB, 2023 WL 3238967, at *5 (M.D. La. Feb. 23, 2023) (unpublished) (rejecting sub-section (D) trigger date for habeas petitioner seeking to raise *Brady* and *Napue* claims when the petitioner, who was counseled in all state court proceedings, "d[id] not explain why he waited over a decade" to seek law enforcement reports, concluding that "[n]othing in the record indicates why this evidence could not have been obtained years earlier, and Petitioner has not explained this delay").

## CONCLUSION

Respondent respectfully requests that this Court dismiss the instant habeas petition, as it is time-barred by the AEDPA statute of limitations. 28 U.S.C. § 2244(d). *See also* Docs. 54, 55.

10

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, OBA #19909**
**ASSISTANT ATTORNEY GENERAL**

**s/ JOSHUA R. FANELLI**
**JOSHUA R. FANELLI, OBA #33503**
**ASSISTANT ATTORNEY GENERAL**

**OKLAHOMA ATTORNEY GENERAL'S OFFICE**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921        FAX (405) 522-4534

**Service email: fhc.docket@oag.ok.gov**

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**        I hereby certify that on August 21, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**        I hereby certify that on August 21, 2023, I electronically transmitted the attached document to the following ECF registrants using the ECF System for filing:

Mark H. Barrett, OBA #557
P.O. Box 896
Norman, Oklahoma 73070

Daniel G. Webber, Jr., OBA #16332
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104

Gregory Swygert (*pro hac vice* admission)
375 East Chicago Avenue
Chicago, Illinois 60611

Robert N. Hochman (*pro hac vice* admission)
David H. Hoffman (*pro hac vice* admission)
John G. Levi (*pro hac vice* admission)
Emily Scholtes (*pro hac vice* admission)

11

Matthew Binder (*pro hac vice* admission)
William Lawrence (*pro hac vice* admission)
1 South Dearborn
Chicago, Illinois 60603

*Attorneys for Petitioner*

s/ Theodore M. Peeper