IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS JESSE WARD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-23-146-JFH-GLJ |
| ) | |
| DAVID BUSS, Warden, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S REPLY TO PETITIONER'S BRIEF IN OPPOSITION TO
RESPONDENT'S SECOND MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, and offers the instant Reply to Petitioner's "Brief in Opposition to Respondent's Second Motion to Dismiss for Failure to Exhaust." *See* Doc. 62.[1] For the reasons advanced in Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus, in the Alternative, for Failure to Exhaust Necessary State Court Remedies and Brief in Support, *see* Docs. 56, 57, Respondent respectfully requests that this Court dismiss the instant petition, as Petitioner has failed to exhaust necessary state court remedies, pursuant to 28 U.S.C. § 2254(b)(1)(A).

**ARGUMENT AND AUTHORITY**

**PETITIONER HAS NOT EXHAUSTED HIS ACTUAL INNOCENCE CLAIM IN STATE COURT BECAUSE HE FAILED TO APPEAL THE STATE DISTRICT COURT'S REJECTION OF HIS INNOCENCE CLAIM TO THE OKLAHOMA COURT OF CRIMINAL APPEALS.**

"The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). *See also Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Far from carrying his burden of showing exhaustion of state court remedies, Petitioner bypassed past this point in his petition, devoting no meaningful discussion to

---

[1] This Reply is filed in accordance with Local Civil Rule 7.1(e).

whether Oklahoma's highest criminal court was given a "fair opportunity" to address his actual innocence claim in the first instance. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).[2] As Respondent previously urged, Petitioner's failure to exhaust his claim of actual innocence in state court should estop this Court's consideration of that same claim as a gateway to excuse his belated and procedurally barred habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 57. *See also* 28 U.S.C. § 2254(b)(1)(A).

In an effort to justify his lack of exhaustion, Petitioner's response offers a scattering of reasons why this Court should overlook the exhaustion issue, none of which should rescue his case. First, Petitioner avers that he exhausted his sole constitutional claim for relief, based on *Brady v. Maryland*, 373 U.S. 83 (1963), when the issue was presented to the Oklahoma Court of Criminal Appeals ("OCCA") during the State's post-conviction appeal, and that he need not exhaust an innocence claim. Doc. 62, at 2. In this, Petitioner seems to agree with Respondent that the OCCA never had a chance to adjudicate his innocence claim on post-conviction appeal. Indeed, during initial post-conviction proceedings, the state district court did not rule on Petitioner's innocence claim, so the OCCA remanded the case for explicit consideration of that issue (C1016). The parties litigated that claim on remand, but then Petitioner let the chance for a post-conviction appeal lapse, with no further action taken in state court. Thus, with respect to his innocence claim, Petitioner only ever completed a partial round of state collateral proceedings. *But see Cole v. Pettigrew*, No.

---

[2] Petitioner now claims he did, in fact, address this point in his petition, inasmuch as he set forth "the procedural history of his state court post-conviction proceeding in which he exhausted his *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] claim." Doc. 62, at 3 n.1 (citing Doc. 2, at 43–44). Given that the burden of showing exhaustion rests on the habeas petitioner—in this case, a counseled petitioner—it is unclear how merely reciting the procedural background of the case in the petition amounts to showing that he has exhausted available state court remedies. *See Medina v. Williams*, No. 20-1193, 823 F. App'x 674, 677 (10th Cir. Aug. 18, 2020) (unpublished) ("His failure to show that he exhausted available state remedies bars him from seeking federal habeas relief.").

20-CV-0459-JED-CDL, 2021 WL 1535364, *3 (N.D. Okla. Apr. 19, 2021) (unpublished) (recognizing that "even if Cole could overcome the untimeliness of his claims, . . . [t]o satisfy the exhaustion requirement, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))).

     After essentially admitting that his innocence claim was never before the OCCA, Petitioner glosses over his efforts to fully adjudicate his innocence claim on remand. But if Petitioner never intended to seriously pursue and exhaust his innocence claim, it remains unclear why Petitioner chose to halfheartedly litigate that claim on remand at all. Put another way, after the State's successful post-conviction appeal and remand for proceedings on Petitioner's innocence claim, Petitioner took the issue only halfway, effectively abandoning the state court process once the district court found him not actually innocent in December 2022. Petitioner cannot have it both ways—either he must fully exhaust his innocence claim in state court, or, if a gateway claim need not be exhausted, *arguendo*, then he should have timely marshaled his petition in this Court. *Cf. Harrington v. Richter*, 562 U.S. 86, 103 (2011) (recognizing that "state proceedings are the central process, not just a preliminary step for a later federal habeas corpus proceeding"). Petitioner's decision to skirt the proper appellate process effectively deprived this Court of the presumptively correct factual findings the OCCA would have provided, had Petitioner's innocence claim been fairly presented in that Court. *See* 28 U.S.C. § 2254(e)(1).

     The reasons for requiring exhaustion here make good sense, and for illustrative purposes, Respondent offers a brief example. If an Oklahoma petitioner filed a post-conviction application containing several claims which could have been raised on direct appeal but were not, plus an ineffective assistance of appellate counsel claim attempting to overcome the procedural bar with

3

respect to the barred claims, and the state district court found all of the claims to be procedurally barred without reaching the appellate counsel issue, on appeal, the OCCA would almost certainly remand to the state district court for consideration of the petitioner's previously unaddressed ineffective assistance of appellate counsel claim. If the OCCA did order such a remand, the petitioner could not seriously claim that his post-conviction application was fully exhausted. After the remaining claim was adjudicated on remand, the petitioner would be expected to return to the OCCA and could not skip over that step by proceeding from the state district court directly to the federal district court. Out of comity for the state court process, the exhaustion issue currently at bar should be treated the same way. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001).

Sensing these pitfalls, Petitioner pivots to argue that, in any event, he need not exhaust his present innocence claim in state court since his habeas claim—a gateway innocence argument—differs in principle from the standalone actual innocence claim he raised at the state district court level. *See* Doc. 62, at 3–9. Petitioner forgets that he previously urged the state district court, on remand, to adjudicate his innocence claim under *both* a gateway rubric *and* as a standalone claim (C1037 n.8) Of course, the state district court disagreed, because Petitioner's argument was legally incorrect under Oklahoma law (C1160–C1161). But the takeaway remains true: Petitioner at one point unsuccessfully tried to exhaust his current innocence claim in state court (including both a gateway claim and a standalone claim), before he abruptly, and inexplicably, chose to quit halfway. Again, this Court should refuse to entertain Petitioner's inconsistent approach to exhaustion.

Grappling with Respondent's exhaustion argument, Petitioner now asserts that "[t]he State cites no authority that requires a habeas petitioner to exhaust his gateway actual innocence claim." *See* Doc. 62, at 10. But Petitioner also spends the majority of his response distinguishing the very authority he suggested did not exist—authority standing for the proposition that a petitioner must

exhaust even an actual innocence gateway claim, even despite the fact that an innocence claim, in federal court, does not present an independent constitutional ground for relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). But Petitioner's explanation misses the mark. Petitioner's cases stand for the proposition that a gateway innocence claim can excuse procedural barriers to an underlying constitutional claim, a legal principle not currently in contention. Doc. 62, at 5–6. *See Schlup v. Delo*, 513 U.S. 298, 324–25 (1995). The true question at stake is whether an innocence claim must *itself* be exhausted in state court before a petitioner can use it as license to excuse procedural impediments in federal court. Petitioner pejoratively labels the requirement of such exhaustion a "non sequitur," but fails to explain why. Doc. 62, at 7.

Indeed, Petitioner attempts to distinguish the cases cited by Respondent as only applying to require exhaustion in the case of such standalone claims of actual innocence, or in cases where the habeas petitioner had other substantive constitutional claims which were themselves unexhausted. *See, e.g.*, Doc. 62, at 7 & n.4 (citing Respondent's Opposition to Petitioner's Motion for Stay and Abeyance in *Williams v. Dean*, No. ELH-22-75, 2023 WL 375192 (D. Md. Jan. 24, 2023) (unpublished)). The Court in *Williams* held that it would be "inappropriate" to adjudicate an innocence claim in habeas when the state court had not first been given a chance to do so:

> In making the determination urged by respondents, this court would have to make decisions regarding the merits of Williams's actual innocence claim. *But, the State of Maryland has not yet had an opportunity to weigh the evidence supporting Williams's claim of actual innocence or to rule on the merits thereof. In my view, it is inappropriate for me to do so now.*

*Id.* at *3 (emphasis added) (citing *Winston v. Kelly*, 592 F.3d 535, 555 (4th Cir. 2010)). Likewise, the Court in *Woodruff v. Crockett*, No. 7:16-CV-08 (HL), 2016 WL 11783307 (M.D. Ga. Sept. 12, 2016) (unpublished), made very clear that an actual innocence claim must be treated like other claims for the purposes of the exhaustion requirement. It is "not an exception" to that requirement.

5

*Id*. at *2 ("[A]ctual innocence is not an exception to the rules requiring exhaustion, and Petitioner has failed to establish proper exhaustion of his claims, *including his alleged actual innocence*." (emphasis added)). While Petitioner derides this reasoning as "cherry-picked", Doc. 62, at 8, these cases are far more on point than the decisions Petitioner cites, such as those in which the Tenth Circuit merely mentioned an innocence gateway in affirming denials of habeas corpus relief.

As *Williams* and *Woodruff* both instruct, an innocence claim brought in federal habeas is not immune to the requirement of exhaustion simply because innocence, as a standalone ground for relief, is not currently cognizable in federal habeas corpus. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (standalone innocence claim in federal habeas unsettled). This is especially true given that the substance of Petitioner's present innocence argument mirrors the claim he raised, and then abandoned, in state court. Petitioner cannot avoid the exhaustion requirement by simply labeling his innocence claim as one sounding in pure "federal procedural law", Doc. 62, at 5, when he brought the crux of that very same innocence claim in state district court during post-conviction proceedings. As with the State of Maryland in *Williams*, the State of Oklahoma has not yet had a chance to have Petitioner's actual innocence claim weighed by the highest state court. The true "non sequitur", to use Petitioner's turn-of-phrase, is justifying his abrupt resignation from state court under the pretense that his claim never belonged in state court to begin with.

To that end, Petitioner attempts to cabin his actual innocence claim as not involving constitutional issues at all, but simply a federal procedural exception which does not implicate the State's interests. *See* Doc. 62, at 5 (noting that "it makes no sense to ask a State court to pass on an issue that is purely a matter of federal procedural law"). But a claim of innocence is not "purely a matter of federal procedural law." As the OCCA has repeatedly reaffirmed, "[i]nnocence claims are the Post-Conviction Procedure Act's foundation." *Glossip v. State*, 529 P.3d 218, 225 (Okla.

6

Crim. App. 2023). In light of that bedrock principle, it is difficult to imagine, as Petitioner now asserts, that states "have no interest in such [innocence] questions." Doc. 62, at 5. This Court should reject Petitioner's cramped and stilted view of the State's interest in having Petitioner's actual innocence claim first reviewed fully in state court before proceeding further.

Contrary to Petitioner's standpoint on exhaustion, the Supreme Court has recognized that "[a] proper respect for AEDPA's high bar for habeas relief avoids unnecessarily 'disturb[ing] the State's significant interest in repose for concluded litigation, den[ying] society the right to punish some admitted offenders, and intrud[ing] on state sovereignty to a degree matched by few exercises of federal judicial authority.'" *Virginia v. LeBlanc*, 582 U.S. 91, 96 (2017) (quoting *Richter*, 562 U.S. at 103 (alterations in original)). It has also been observed that exhaustion is a matter of comity as "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation.'" *Walker*, 533 U.S. at 179 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Petitioner also unsuccessfully distinguishes the remainder of Respondent's authority standing for the principle that a habeas petitioner cannot arrive in federal court with an unexhausted innocence claim, including *Fitzgerald v. Clarke*, No. 2:17cv337, 2017 WL 6945280 (E.D. Va. Dec. 8, 2017) (unpublished), and *Bailey v. Patterson*, No. 1:13-CV-007-WHA, 2016 WL 3892455 (M.D. Ala. June 24, 2016) (unpublished). Doc. 62, at 8–9. Petitioner explains that neither *Fitzgerald* nor *Bailey* applies because the *pro se* petitioners in those cases had brought unexhausted standalone innocence claims in their federal habeas petitions. But if standalone innocence is not cognizable in federal habeas, it would make no sense for those courts to erect an exhaustion barrier to preclude a claim that could not be later considered in federal court anyway. The lesson from *Fitzgerald* and *Bailey* is not as convoluted as Petitioner makes it seem—the simple rule is that an

7

innocence claim must be fairly presented in state court before a petitioner relies upon that same factual basis to secure review and relief in federal court. Those cases remain relevant and salient.

Nor is there merit to Petitioner's related suggestion that an actual innocence claim is exempt from the requirement of total exhaustion, pursuant to *Rose*, 455 U.S. at 510, and 28 U.S.C. § 2254(b)(1). Much of the error in Petitioner's analysis comes from his misunderstanding of *Perkins*, 569 U.S. at 386, which dealt only with an equitable exception to the AEDPA's statute of limitations and did not purport to overrule *Rose* in any way. The cases Petitioner now cites shed no additional light on this issue. *See* Doc. 62, at 6–7. For instance, the case of *Ray v. McCollum*, No. 17-6117, 727 F. App'x 517 (10th Cir. Mar. 14, 2018) (unpublished), is hardly a repudiation of the exhaustion requirement. In dismissing the appeal from the denial of habeas corpus relief, the Court in *Ray* reasoned: "[E]ven if Mr. Ray did not waive the claims, he would still need to show exhaustion of the claims in state court and their presentation in federal district court." *Id.* at 524. There, the Court suggested that "[t]here are some situations where a habeas petitioner's failure to exhaust claims in state court is excused, including where a petitioner makes 'a credible showing of actual innocence.'" *Id.* However, in support of this dicta, the *Ray* Court cited *Perkins*, a case which does not even contain the word "exhaust" within its text. Regardless, the *Ray* Court summarily rejected Petitioner's actual innocence claim because it was not supported.

Likewise, in *Reese v. Yates*, No. 18-5107, 778 F. App'x 552 (10th Cir. June 18, 2019) (unpublished), the Tenth Circuit considered an anticipatory bar, based on Oklahoma's statute limiting successive non-capital post-conviction applications, OKLA. STAT. tit. 22, § 1086, to two grounds which the petitioner had failed to raise on either direct appeal or in the petitioner's prior post-conviction application. To overcome an anticipatory procedural bar, the Court reasoned: "Reese must establish proof of a 'fundamental miscarriage of justice' by demonstrating that he is

8

actually innocent", and quickly affirmed the district court's determination that the petitioner had not met that burden. *Reese*, 778 F. App'x at 558. In the case at hand, it does not appear that Petitioner's claim of innocence would be barred if Petitioner were made to return to the OCCA in order to fairly present and exhaust that argument. *See Glossip*, 529 P.3d at 225 ("This Court's rules and our case law, however, do not bar the raising of a claim of factual innocence at any stage.").[3]

Tellingly, Petitioner does not now claim that it would be futile to return to State court and seek an out-of-time appeal to the OCCA from the denial of his actual innocence claim. Rather, Petitioner simply states that he "is not asking for a stay, has no pending state court petition, and is not pursuing a substantive actual innocence claim here." Doc. 62, at 7. Petitioner has absolutely no evidence that his innocence claim would not be fairly considered at the OCCA, should he pursue a post-conviction appeal out-of-time, as state law allows. Indeed, Petitioner does not even attempt to make a claim of futility in state court. *But see Bailey*, 2016 WL 3892455, at *2 ("Bailey's assertion of futility is nothing more than his personal perception of futility. This purely non-objective perception of futility does not exempt Bailey from the exhaustion requirements of 28 U.S.C. § 2254."). Given that the state court process is clearly available to him and is not futile—and as stated above, since an innocence claim is the very bedrock of Oklahoma's post-conviction process, *see Glossip*, 529 P.3d at 225—Petitioner should be made to return to state court to fairly present his actual innocence claim to the OCCA.

Finally, Petitioner has now expressly rejected the possibility of requesting the kind of stay authorized by *Rhines v. Weber*, 544 U.S. 269 (2005). This confirms Petitioner's strategy of seeking to bypass and sideline the OCCA on his way to this Court. Regardless of Petitioner's reasons for

---

[3] Nor does Petitioner's citation to a case involving the Immigration and Nationality Act, *Baitrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007), lend his argument any further credence, particularly since that case dealt with exhaustion of *administrative remedies*. Doc. 62, at 6.

proceeding in this manner, his decision not to request a stay is nevertheless consequential because, if this Court accepts Petitioner's decision, it leaves this Court with fewer options regarding Petitioner's unexhausted claim. Petitioner's extreme reluctance to exhaust his innocence claim in state court—something that could have been done easily—should speak volumes about his confidence in the strength and legitimacy of that claim. *See Williams*, 2023 WL 375192, at *3.

As things now currently stand, this Court can either dismiss the entire petition without prejudice, in order to permit Petitioner to return to state court and fully exhaust available remedies through a post-conviction appeal of his first post-conviction application out-of-time, or it may give Petitioner leave to amend his petition, to omit all arguments concerning his actual innocence, or it may deny the entire petition on the merits.[4] *See Moore v. Shoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002); *Gregor v. Franklin*, No. CIV-09-464-W, 2011 WL 4006576, at *1 (W.D. Okla. Sept. 8, 2011) (unpublished). Either way, Respondent affirmatively *does not waive* the requirement of total exhaustion as to the issues raised in Petitioner's habeas petition. 28 U.S.C. § 2254(b)(3).

## CONCLUSION

Respondent requests that, in the alternative to dismissing the instant petition as time-barred by the statute of limitations, this Court dismiss the instant habeas petition for lack of full exhaustion in state court. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 510. *See also* Docs. 56, 57.

---

[4] Without his actual innocence claim, Petitioner is left without an avenue to have his untimely and procedurally barred *Brady/Napue* claim considered on the merits. Indeed, stated again, actual innocence can be used as a gateway to excuse an untimely and procedurally barred habeas petition. As separately shown, *see* Docs. 54, 55, the petition is untimely and he is not entitled to a new trigger date under 28 U.S.C. § 2244(d)(1)(D). And although Petitioner elsewhere suggests that he has shown "cause and prejudice" to overcome default, *see* Doc. 2, at 82–83, that habeas principle, if sufficiently proven, relates to procedural barriers such as *laches*, waiver, and *res judicata*, not the timeliness of a habeas petition. *See Smith v. Allbaugh*, 921 F.3d 1261, 1267 (10th Cir. 2019). Simply put, if Petitioner's unexhausted innocence claim is excised from the petition, his case would be completely controlled by the AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(1).

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ THEODORE M. PEEPER**
**THEODORE M. PEEPER, OBA #19909**
**ASSISTANT ATTORNEY GENERAL**

**s/ JOSHUA R. FANELLI**
**JOSHUA R. FANELLI, OBA #33503**
**ASSISTANT ATTORNEY GENERAL**

**OKLAHOMA ATTORNEY GENERAL'S OFFICE**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921          FAX (405) 522-4534

Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**     I hereby certify that on August 21, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**     I hereby certify that on August 21, 2023, I electronically transmitted the attached document to the following ECF registrants using the ECF System for filing:

Mark H. Barrett, OBA #557
P.O. Box 896
Norman, Oklahoma 73070

Daniel G. Webber, Jr., OBA #16332
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104

Gregory Swygert (*pro hac vice* admission)
375 East Chicago Avenue
Chicago, Illinois 60611

Robert N. Hochman (*pro hac vice* admission)
David H. Hoffman (*pro hac vice* admission)
John G. Levi (*pro hac vice* admission)
Emily Scholtes (*pro hac vice* admission)

11

Matthew Binder (*pro hac vice* admission)
William Lawrence (*pro hac vice* admission)
1 South Dearborn
Chicago, Illinois 60603

*Attorneys for Petitioner*

                                                               s/ Theodore M. Peeper