**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **THOMAS JESSE WARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV 23-146-JFH-GLJ** |
| **v.** | ) | |
| | ) | |
| **DAVID BUSS, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PETITIONER'S NOTICE OF INFORMATION**

Mr. Ward files this notice to inform the Court of important related information that Mr. Ward has learned since filing his Petition for a Writ of Habeas Corpus.

1. Mr. Ward filed his Petition for a Writ of Habeas Corpus on May 1, 2023 (Dkt. 2).

2. The State filed two Motions to Dismiss Mr. Ward's Petition, one to dismiss it as time-barred under the statute of limitations (Dkt. 54) and one to dismiss it for failure to exhaust state court remedies (Dkt. 56). Both motions were filed on June 30, 2023.

3. Mr. Ward filed responses to both motions (Dkts. 61 and 62) on July 28, 2023, and the State replied on August 21, 2023 (Dkts. 65 and 66).

4. Since then, the State has begun preparations to retry Karl Fontenot—Mr. Ward's co-defendant in his first, joint trial who was granted habeas relief by this Court nearly five years ago in a decision that was later upheld by the Tenth Circuit. *Ward v. State*, 755 P.2d 123, 124 (Okla. Crim. App. 1988); *Fontenot v. Allbaugh*, 402 F. Supp. 3d 1110, 1240 (E.D. Okla. 2019); *Fontenot v. Crow*, 4 F.4th 982 (10th Cir. 2021). The State has stipulated in open court to the "findings of fact and the conclusions made by the Tenth Circuit in its July 13th, 2021 opinion" in Fontenot. Ex. 1 (*State of Oklahoma v. Fontenot*, Case No. CRF-1984-183, Feb. 23, 2024, Trans. of Proceedings) at 3:19–23; *see also Fontenot*, 4 F.4th 982.

5.  The State additionally stipulated that "there has been no new evidence developed since the Tenth Circuit's opinion was handed down" and that "[i]n light of the Tenth Circuit's findings, the absence of any new evidence since the Tenth Circuit's opinion was handed down, the loss of so much of the evidence from the original trial and the unavailability of many of the witnesses has compromised both sides' ability to move forward with this case." Ex. 1 at 3:24–4:8.

6.  Because the facts are not in dispute in either this case or in Mr. Fontenot's, this Court, upon disposing of the State's pending Motions to Dismiss, can proceed directly to a ruling on Mr. Ward's habeas petition. In fact, as Mr. Ward pointed out in one of his responses to the State's Motions to Dismiss, the State has already partially addressed the merits of Mr. Ward's petition in its Motions. (Dkt. 61 at 1 n.1).

Dated this 27th day of August 2024.

Respectfully submitted,
*/s/ Mark H. Barrett*
*An Attorney for the Petitioner*
Mark H. Barrett, OBA No. 557
P.O. Box 896
Norman, OK 73070
Tel: (405) 326-4758
barrettlawoffice@gmail.com

Daniel G. Webber, Jr., OBA No. 16332
Ryan Whaley
400 North Walnut Avenue
Oklahoma City, OK 73104
Tel: (405) 239-6040
Facsimile: (405) 239-6766
dwebber@ryanwhaley.com

Gregory R. Swygert (admitted *pro hac vice*)
Center on Wrongful Convictions
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
Tel: (312) 503-8576
gregory.swygert@law.northwestern.edu

Robert N. Hochman (admitted *pro hac vice*)
David H. Hoffman (admitted *pro hac vice*)
John G. Levi (admitted *pro hac vice*)
Matthew Binder (admitted *pro hac vice*)
William Lawrence (admitted *pro hac vice*)
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
rhochman@sidley.com
david.hoffman@sidley.com
jlevi@sidley.com
mbinder@sidley.com
bill.lawrence@sidley.com

## **CERTIFICATE OF SERVICE**

I certify that on August 27, 2024, I electronically served the foregoing document on all counsel of record via the Court's CM/ECF filing system.


*/s/ Matthew Binder*
*An Attorney for the Petitioner*