## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS JESSE WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-146-JFH-GLJ |
| ) | |
| DAVID BUSS, ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

### RESPONSE TO PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY

Comes now the Respondent, by and through the Attorney General of the State of Oklahoma, and in response to Petitioner's Notice of Supplemental Authority shows this Court as follows:

1. On March 13, 2025, Petitioner filed a "Notice of Supplemental Authority" with this Court, hereinafter referred to as "Notice." (Doc. 73). The ostensible purpose of this Notice was to inform this Court of the recent decision of the United States Supreme Court in *Glossip v. Oklahoma*, No. 22-7466, 604 U.S. _ (2025). It appears that the real purpose is to add additional arguments not presented in Petitioner's Petition. This is the second "notice" of this type which Petitioner has filed with this Court, after its previous "Notice of Information" of August 27, 2024 (Doc. 69).

2. As a starting point for analysis, nothing in the Supreme Court's recent *Glossip* decision bears upon Respondent's pending motions to dismiss based on time bar and lack of exhaustion (Doc. 54; Doc. 56). Given the fact that Petitioner proceeded directly to this Court after the state district court denied his actual innocence claim, rather than properly

appealing the district court's finding to the Oklahoma Court of Criminal Appeals, it is unsurprising that both motions have required careful consideration by this Court.

3. To the extent that Petitioner cites *Glossip* in support of any claim that this Court might find to be previously exhausted in state court, it must be noted that under 28 U.S.C. § 2254(d)(1), "[s]tate-court decisions are measured against this Court's precedents as of 'the time the state court renders its decision.'" *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)). Therefore, *Glossip* may not be considered as clearly established law under § 2254(d).

4. To the extent that Petitioner is making a brand new claim under *Glossip*, for an expansive definition of what constitutes allegedly false and material testimony, this claim is wholly unexhausted, and Petitioner needs to take that claim to state court first before presenting it in this Court. Petitioner's attempt to inject the recent *Glossip* case into these proceedings has actually bolstered Respondent's already strong position that Petitioner's claims are not fully exhausted in state court. Previously, Respondent had pointed out Petitioner's failure to perfect a post-conviction appeal. However, Petitioner's attempt to insert a claim under *Glossip* into his Petition has never even been considered in state district court.

5. Finally, Respondent would reiterate that this Court's Order calling for a response expressly stated that, "As an alternative to filing a Rule 5 answer, Respondent may file within thirty (30) days a motion to dismiss based upon 28 U.S.C. § 2241 . . . 28 U.S.C. § 2254, or other applicable statute." (Doc. 8). Because this Court's Order for responsive pleading expressly contemplated a pre-answer motion to dismiss, Respondent believes that its two motions to dismiss are very well-founded, particularly since Petitioner has sought to bypass the state appellate court with respect to his actual innocence claim to avoid the possibility of adverse

findings. Therefore, and only in the event that this Court disagrees with both of Respondent's motions to dismiss, it should follow standard procedure in allowing Respondent a full and fair opportunity to file a merits response.

For the foregoing reasons, the additional unexhausted claims in Petitioner's Notice of Supplemental Authority should be deemed unexhausted.

>**GENTNER F. DRUMMOND**
>**ATTORNEY GENERAL OF OKLAHOMA**
>
>**s/THEODORE M. PEEPER**
>**THEODORE M. PEEPER, O.B.A. #19909**
>**SENIOR ASSISTANT ATTORNEY GENERAL**
>
>313 N.E. 21st Street
>Oklahoma City, OK 73105
>Phone: (405) 521-3921
>Fax: (405) 522-4534
>Service email: **fhc.docket@oag.ok.gov**
>
>**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**   I hereby certify that on March 24, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark H. Barrett
Daniel G. Webber, Jr.
Ryan Whaley
Gregory Swygert
Robert N. Hochman
David H. Hoffman
John G. Levi
Matthew Binder
William Lawrence
Patrick Musgrave (*pro hac vice* admission pending)

s/ Theodore M. Peeper

3