IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS JESSE WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. CIV-23-146-JFH-GLJ |
| v. ) | |
| ) | Magistrate Judge Gerald L. Jackson |
| DAVID BUSS, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**PETITIONER'S REPLY TO RESPONDENT'S SUPPLEMENTAL AUTHORITY RESPONSE**

In its supplemental authority response (Doc. 74), the State of Oklahoma asserts that Petitioner Ward is attempting to present a new claim in the guise of supplemental authority. To the contrary, and as the Supreme Court noted in *Glossip v. Oklahoma*, No. 22-7466, 604 U.S. ____ (2025), the duty to disclose a state witness's prevarication was established in *Napue v. Illinois*, 360 U.S. 264 (1959).

The *Glossip* opinion emphasized that the lie itself, not the particular details of the lie, was of central importance: "Even if Sneed's bipolar disorder were wholly irrelevant, as *amicus* argues, his willingness to lie about it to the jury was not. 'A lie is a lie no matter its subject.'" *Glossip*, slip op. at 19. The existence of falsehood was also what mattered in *Napue*, the long-standing Supreme Court precedent. 360 U.S. at 269.

Thus, in presenting the supplemental authority, Petitioner Ward is pointing this Court to additional Supreme Court authority regarding an issue before this Court.

1

The State was also incorrect (Doc. 74, ¶ 2), in stating *Glossip* has no bearing on its "time bar" argument. In spite of the fact that key evidence was not known to Mr. Ward or his counsel until during post-conviction discovery, the Oklahoma Court of Criminal Appeals determined that all the due process claims came too late, apparently deciding that defense counsel should have known about them sooner. The *Glossip* Court also faced an argument that the defense should have known about the primary witness's inaccuracies sooner. But the Supreme Court emphasized that the Due Process Clause does not place the burden on the defense to discover the falsity. The "'responsibility and duty to correct' false testimony [rests] on 'representatives of the State' not on defense counsel." *Glossip*, slip op. at 23.

*Glossip* made no new law; it emphasized that the 1959 *Napue* ruling vigorously imposes significant duties on the State to protect against precisely the kind of wrongful conviction that occurred here. *Id. Glossip* provides a roadmap for this Court to follow in granting relief to Mr. Ward.

Dated this 31st day of March 2025.

                Respectfully submitted,

                <u>Mark Barrett</u>

                *An Attorney for the Petitioner*

                Mark Barrett, OBA No. 557
                P.O. Box 896
                Norman, OK 73070
                Tel: (405) 326-4758
                barrettlawoffice@gmail.com

                Daniel G. Webber, Jr., OBA No. 16332
                Ryan Whaley
                400 North Walnut Avenue
                Oklahoma City, OK 73104

Tel: (405) 239-6040
Facsimile: (405) 239-6766
dwebber@ryanwhaley.com

Gregory R. Swygert (admitted *pro hac vice*)
Swygert Law
55 E. Monroe St., Ste. 3250
Chicago, IL 60603
Tel: (312) 285-0610
Greg@swygertlaw.com

Robert N. Hochman (admitted *pro hac vice*)
David H. Hoffman (admitted *pro hac vice*)
John G. Levi (admitted *pro hac vice*)
William Lawrence (admitted *pro hac vice*)
Patrick Musgrave (admitted *pro hac vice*)
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
rhochman@sidley.com
david.hoffman@sidley.com
jlevi@sidley.com
bill.lawrence@sidley.com
pmusgrave@sidley.com

## CERTIFICATE OF SERVICE FOR NOTICE OF SUPPLEMENTAL AUTHORITY

I, Mark H. Barrett, an attorney, hereby certify that on March 31, 2025, I caused a true and correct copy of the foregoing Notice of Supplemental Authority, to be filed with the Court's electronic system. Pursuant to the system, notice will be sent to Ted Peeper and Joshua Fanelli at the Office of the Attorney General.

Mark Barrett
P.O. Box 896
Norman, OK 73070
Tel: (405) 326-4758
barrettlawoffice@gmail.com

*Attorney for Thomas Ward, Petitioner*