IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS JESSE WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-146-JFH-GLJ |
| ) | |
| DAVID BUSS, ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

### RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR A STATUS CONFERENCE

Comes now the Respondent, by and through the Attorney General of the State of Oklahoma, and in response to Petitioner's Request for a Status Conference shows this Court as follows:

1. On October 29, 2025, Petitioner filed a "Request for Status Conference" with this Court, hereinafter referred to as "Request." (Doc. 82). Petitioner notes that Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations and Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus, in the Alternative, for Failure to Exhaust Necessary State Court Remedies "are fully briefed and pending before the Court." (Doc. 82, at 1). Petitioner nevertheless "submits that a Status Conference may aide [sic] the Court in addressing the status of these pending motions and provide guidance to the parties on the next steps in this matter." (Doc. 82, at 1). For the reasons set forth below, Respondent respectfully disagrees.

2. First, as counsel for Respondent informed counsel for Petitioner at their meeting with regard to this matter, this Court's rules provide a mechanism other than requesting a status conference. LCvR 7.1(l) states:

> **(l) Notice to the Court of Matters Under Advisement for More Than Ninety (90) Days.** In the event any matter, including but not limited to a motion or decision in a bench trial, has been under advisement or submitted for decision for a period of more than ninety (90) days, any party affected by the undecided matter may file a notice of matter under advisement particularly describing the matter under advisement and stating the date the matter was taken under advisement.

It is true that Petitioner has filed a couple of notices with this Court during the pendency of these proceedings, including a Notice of Information, filed on August 27, 2024, and a Notice of Supplemental Authority, filed on March 13, 2025. (Docs. 69, 73). However, it does not appear that either notice was of the type contemplated by LCvR 7.1(l).

3. Second, Petitioner's reliance on Federal Rule of Civil Procedure 16 in requesting a status conference appears to be misplaced. The title of that rule is "Pretrial Conferences; Scheduling; Management." In relevant part, that rule states:

> (a) Purposes of a Pretrial Conference. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
>
> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating settlement.

Fed. R. Civ. P. 16.

Respondent acknowledges that the general rules of civil procedure may be applicable to habeas cases through Rule 12 of the Rules Governing Section 2254 and Section 2255 Proceedings. But that does not mean that a rule governing pretrial proceedings is applicable to habeas corpus

proceedings, which do not involve holding a trial. Put another way, there is no need for a pretrial conference where there is not going to be a trial.

    4. Third, Respondent reiterates and calls attention to Petitioner's concession that the State's pre-answer motions to dismiss "are fully briefed and pending before the Court." (Doc. 82, at 1). This is a correct statement, and therefore, there is no need for any type of scheduling order or further briefing currently. Notably, this Court's Order calling for a response expressly stated that, "As an alternative to filing a Rule 5 answer, Respondent may file within thirty (30) days a motion to dismiss based upon 28 U.S.C. § 2241 . . . 28 U.S.C. § 2254, or other applicable statute." (Doc. 8). Therefore, and only in the event that this Court disagrees with both of Respondent's motions to dismiss, Respondent respectfully requests that this Court follow standard procedure in allowing Respondent a full and fair opportunity to file a merits response.

    Because Fed. R. Civ. P. 16. is inapplicable to this habeas corpus proceeding, where the issues raised in the pre-answer motions to dismiss have been "fully briefed" by the parties, and because LCvR 7.1(1) provides Petitioner with an adequate vehicle for informing this Court that the matter remains under advisement, Respondent respectfully requests that Petitioner's Request for a Status Conference (Doc. 82) be denied.

    Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

<u>s/ THEODORE M. PEEPER</u>
**THEODORE M. PEEPER, O.B.A. #19909**
**SENIOR ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921    (405) 522-4534 (Fax)

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**	I hereby certify that on November 10, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Mark H. Barrett
    Daniel G. Webber, Jr.
    Gregory Swygert
    David H. Hoffman
    William Lawrence
    Patrick Musgrave
    Matthew Binder

                                                  s/ Theodore M. Peeper